FREE, Appellant, vs. WESTERN UNION TELEGRAPH COMPANY, Respondent.

*May 26—June 17, 1914.*

*Foreign judgments: Reversal by appellate court: Jurisdiction: Faith and credit.*

1. In an action in this state upon an Iowa judgment, where it appears that upon appeal the supreme court of Iowa reversed said judgment and the action in which it was rendered was therefter dismissed, the decision of the Iowa supreme court that said appeal was not premature must be regarded as conclusive.

2. Upon the notice of an appeal to the Iowa supreme court was an admission of service signed by the appellees' attorneys and, with an additional acknowledgment of security for his fees, by the clerk of the court appealed from, and the clerk also signed an indorsement of the filing of the notice. The clerk made due return to the supreme court; the attorneys for the respective parties appeared generally and argued the case therein; and that court reversed the judgment appealed from. In an action in this state upon the judgment so reversed, it is *held* that there was sufficient service of the notice of the appeal, that the Iowa supreme court acquired jurisdiction of the appeal, and that the reversed judgment is entitled to no faith or credit.

3. The highest evidence of what faith and credit a judgment has in the state of its origin is the decisions of the court of last resort of that state.

4. Appellate jurisdiction cannot be conferred merely by consent to its exercise. *Manufacturers' & M. I. Bureau v. Everwear H. Co.* 152 Wis. 73, distinguished.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *B. I. Salinger* and *Wheeler & Witte,* and oral argument by *Mr. Salinger* and *Mr. R. S. Witte.*

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *W. F. Adams.*

TIMLIN, J. This action was brought upon a judgment of the district court for Carroll county, Iowa, rendered

March 24, 1905, and the plaintiff appeals to this court from a judgment dismissing such action. It appeared that on January 9, 1907, the judgment sued on was reversed by the supreme court of Iowa (135 Iowa, 69, 110 N. W. 143), and the record on July 22, 1907, remitted from that court to the district court for Carroll county, wherein upon October 21, 1907, the action was by order dismissed for lack of appearance and prosecution on the part of plaintiff. The appellant's counsel contends that the supreme court of Iowa acquired no jurisdiction of the appeal because: (a) the appeal to that court was taken before the taxation of costs, hence premature; (b) there was no sufficient service .of the notice of appeal.

(1) It appears with reference to (a) that this point was made in the supreme court of Iowa on motion which included a request to dismiss the appeal on this ground and that motion was denied. The record showed a judgment completed on March 24, 1905, except that the amount of taxable costs was not stated in the .body of the judgment; that amount appeared in a memorandum at the foot. The decision of the supreme court of Iowa that the appeal was not premature must be regarded as conclusive here, as it doubtless would be regarded in Iowa.

(2) The alleged defect in the notice of appeal to the supreme court of Iowa is as follows:

On a notice of appeal apparently in proper form and directed to the adverse party and to the clerk of the district court appears:

"State of Iowa, Carroll County—ss. The undersigned, to whom the within notice is addressed, hereby acknowledge due, complete and legal service of the within notice upon each of us on this 28th day of March A. D. 1905, in said county. Salinger & Korte, attorneys for plaintiff. . And the undersigned clerk acknowledges that he has been secured his fees for a transcript herein. Julius Ruge, Clerk District Court."

Indorsed on the back is the title of the cause and the words

"Notice of Appeal," the number 8156, and the further words, "Filed this 28th day of March, 1905. . Julius Ruge, Clerk."

The attorneys and counselors for the respective parties appeared generally in the supreme court of Iowa and argued the case. Plaintiff's counsel moved for a rehearing in that court, which motion was denied.

(a) .We are required to give the judgment sued upon such faith and credit as it has by law or usage in the courts of Iowa. Sec. 905, ch. 17, R. S. of U. S.

(b) The highest evidence of what faith and credit a judgment has in the state of its origin is the decisions of the court of last resort of that state. *Laing v. Rigney,* 160 U. S. 531, 16 Sup. Ct. 366.

(c) We may readily acquiesce in the generality that if the court of Iowa which pronounced the judgment of reversal had no jurisdiction, that judgment would be ineffectual and void and the judgment sued on would be in force.

We find no decision of the supreme court of Iowa, and none is cited to us, holding that a notice of appeal, service of which is admitted by the attorneys for the party adverse to the appellant and which is signed by the clerk under said admission and after an additional acknowledgment of security for his fees, and again signed by the clerk under his statement of filing thereon, contains no proof of service on the clerk, and in the instant case the Iowa supreme court has by the most direct implication held that it had jurisdiction in the cause by entertaining the appeal and reversing the judgment. *Wis. R. E. Co. v. Milwaukee,* 151 Wis. 198, 138 N. W. 642.

(d) Assuming as most favorable to appellant, but not deciding, that we have power to review a judgment of the supreme court of Iowa upon a question of its appellate jurisdiction, still we cannot believe that distinguished court would hold that a notice of appeal which appears by the most irrefragable proof to have been in the hands of the clerk when he

signed the admission qualified as aforesaid, and in his official custody when he signed below the filing superscription, and pursuant to which that clerk made return to the supreme court, was never served on that clerk; hence we assume that the faith and credit this reversed judgment had in Iowa was zero. *Mackin v. Madden,* 104 Wis. 61, 80 N. W. 100.

(3) The appellant cites numerous cases which show that appellate jurisdiction cannot be conferred merely by consent to its exercise. This is correct. *Manufacturers' & M. I. Bureau v. Everwear H. Co.* 152 Wis. 73, 138 N. W. 624, is not to the contrary.

The case last mentioned relates, not to appellate jurisdiction as the same is exercised by a revisory or reviewing court, but to appeals where a trial *de novo* is permitted in the appellate court and where that court has original jurisdiction to hear and determine any case whenever the parties voluntarily appear before it and submit their controversy. In such case it makes no difference after judgment whether the evidence of this controversy came from some other court or from a storage warehouse, came by regular appeal or without appeal. It matters not how the cause got into such a court so long as the subject is within the jurisdiction and the parties consent to a trial by participating therein without objection. The judgment of the circuit court should be affirmed.

*By the Court.*—Judgment affirmed.