No. 21,252

*In re* THE ESTATE OF HOWARD W. HEIVLY, an insane person (EMMA E. HEIVLY, *Appellant,* v. M. M. MILLER, as Guardian, etc., *Appellee*).

SYLLABUS ,BY THE COURT.

DIVORCE—*Decree—Property Rights Determined—Res Judicata.* Following the rule stated in *Roe v. Roe,* 52 Kan. 724, 35 Pac. 808, it is held that a judgment in a divorce action, making a division of property and reciting that it was a final and full adjustment of all property rights and claims between the parties, is a bar to a recovery upon an allowance previously made by the probate court to the wife against the estate of the husband for expenses that were incurred and paid while the marriage relation existed and while she was guardian of his person and estate, and before the divorce was granted.

Appeal from Shawnee district court; ALSTON W. DANA, judge. Opinion filed January 12, 1918. Affirmed.

*W. F. Schoch,* and *J. K. Rankin,* both of Topeka, for the appellant.

*D. H. Branaman,* and *J. B. Larimer,* both of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The principal question involved in this appeal is the right of a divorced woman to recover upon a claim against her former husband, where the court in the decree of divorce expressly determines and settles property rights existing between the parties.

It appears that the parties were married in 1892 and that two children were born to them. In 1907, about fifteen years after their marriage, the husband was adjudged to be insane and his wife was appointed guardian of his person and estate, and continued to act in that capacity until May 19, 1913. At that time she made a final settlement, and the probate court made her an allowance against his estate of $3,251.48. The basis of this claim was expenses of the family, taxes paid and repairs made on the homestead, which she and her children occupied during his disability. These expenses accrued and were paid after he was adjudged to be insane. About a week after the guardianship was closed and the final settlement made, and while her husband was still insane, she brought an action for divorce, alleging misconduct that occurred before he became insane. A divorce was granted, and a division of the property of the parties was made. The property consisted chiefly of a homestead, which was acquired as the result of their joint earnings, which had a rental value of $40 a month, a beneficiary certificate on which the company had been paying her a weekly benefit of $4 a month during his incapacity, and an insurance policy of $1,000 on the security of which she had borrowed the sum of $330. In the division of property the court awarded the property to her, but required her to pay him the sum of $1,000, and payment of this sum was made by her. No special mention was made in the decree of the allowance against him, which she had obtained in the probate court, but it was expressly declared that "the division and adjustment of property heretofore and now made shall be a final and full adjustment of all property rights and claims between said

parties." About two years afterwards, and on March 13, 1916, an inquiry as to his mental condition was made and it was adjudged that he had been restored to his right mind. Some time after the divorce he inherited an undivided interest in land in Missouri, and a part of the thousand dollars which she had paid to him remained in the hands of the guardian appointed to succeed her, when her application under review was made. She asked the probate court to require the guardian of his estate to apply any cash on hand to the payment of her allowance of $3,251.48, and also that he proceed to sell the real estate in Missouri for the purpose of paying her claim. The application was denied by the probate court, and she then appealed to the district court. From its decision denying her application she brings the case to this court.

It is contended by the plaintiff that the allowance by the probate court is as conclusive upon the parties as a judgment of the district court. Assuming that it was as conclusive as plaintiff contends, it must be held that her rights in the claim were finally and fully determined by the judgment rendered when the divorce was granted. The decree purports to dispose of all property rights of the parties and of every claim existing between them. The terms of the decree cover adjudicated claims as completely as claims or rights which had not been determined by a court. The facts in the case bring it within the rule stated in *Roe v. Roe*, 52 Kan. 724, 35 Pac. 808, that "the final judgment in an action granting a divorce settles all property rights of the parties, and is a bar to an action afterward brought by either party to determine the question of alimony, or any property rights which might have been settled by such judgment." (Syl. ¶ 2.) In this case the plaintiff's claim might not only have been settled in the action of divorce, but the court in its judgment declares that all property rights have been determined and all existing claims adjusted. The statute authorizes such an adjudication of property rights when a divorce is granted and, besides, as stated in *Roe v. Roe*, supra, "it is the general policy of the law, strongly adhered to by this court in its prior decisions, to require every question properly involved in any suit to be disposed of by the judgment finally rendered in the case." (p. 728.) The Roe case must be regarded as a controlling authority in this one.

Heivly v. Miller.

Some decisions reaching a different result have been cited by plaintiff, but they are based on statutes differing from our own. The principal authority relied on by plaintiff is *Scott v. Scott,* 83 Conn. 634, in which it was held that an allowance of alimony to a wife in a decree of divorce does not bar a recovery of a debt due from the husband to the wife when the decree was rendered. Although this decision appears to be in conflict with the rule in the Roe case, it may have been affected by the Connecticut statute which provides that upon granting a divorce the court may assign to the woman a part of her husband's estate, not exceeding one-third of it. No provision is made for a division of the property of both parties, but the decree operates as a partition, between husband and wife, of his property. Our statute provides that of—

"such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof." (Gen. Stat. 1915, § 7581.)

Even if the decision in the Scott case may be considered as in conflict with the ruling in the Roe case, it does not incline us to overrule or modify the latter ruling. About twenty years after the case was decided the question involved came up again for consideration, and the doctrine of the case was approved and followed. (*McCormick v. McCormick,* 82 Kan. 31, 107 Pac. 546.)

The judgment of the district court is affirmed.