No. 35,320

BESSIE CALKINS, *Appellee*, v. HIRA CALKINS, *Appellant*.

(122 P. 2d 750)

Opinion filed March 7, 1942.

*Frank E. Miller,* of Topeka, argued the cause for the appellant.

*J. A. Dickinson,* of Topeka, argued the cause, and *Ed Rooney,* of Topeka, was on the briefs for the appellee.

*Warren Shaw,* of Topeka, filed a brief as *amicus curiae.*

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by a divorced husband from an order overruling his motion to dismiss garnishment proceedings instituted by his former wife against his employer for the purpose of enforcing an order of separate maintenance which had been made prior to a judgment in her favor for divorce and alimony.

The order for separate maintenance, made in a prior action, provided for monthly installment payments to the wife in the sum of $70 per month until further order of the court. Prior to the decree of divorce appellant had paid $425, and a balance remained due and unpaid on that order in the sum of $415 on the date appellee obtained a decree of divorce and an alimony judgment in the sum of $2,000. The permanent alimony judgment was made payable in

semimonthly installments of various amounts, during different periods, until it was fully discharged. It is the balance of $415 which remained unpaid under the separate maintenance order at the time the divorce was granted which appellee sought to collect by garnishment.

Appellant moved to have the garnishment proceedings dismissed upon the ground the trial court, in the action for divorce and alimony, found and determined appellee should be awarded the sum of $2,000 as and for permanent alimony and upon the ground the order for separate maintenance was merged in the subsequent decree of divorce and alimony. The motion was overruled and the husband appeals.

A number of questions are presented for review. The principal question pertains to the ruling on the above motion.

A few additional facts may be helpful. The divorce action was instituted by appellant. Appellee answered and filed a cross petition in which she sought a divorce and alimony. At the time of trial appellant, with leave of court, withdrew his petition. Appellee introduced evidence in support of her cross petition. The journal entry of judgment does not disclose that appellant introduced any evidence. It is conceded no evidence was adduced by appellee with respect to the balance which was then past due and payable on the previous order for separate maintenance and that no mention was made to the trial court concerning that subject. The order for separate maintenance and the judgment for divorce and alimony were rendered by trial judges of different divisions of the district court of Shawnee county.

Appellee concedes that an order or judgment for installment payments for child support or for the maintenance of a wife which are not yet due may be modified in accordance with changed conditions but insists past-due installments are fixed, cannot be reduced, and are enforceable as any other judgment. (*Wilkinson v. Wilkinson,* 147 Kan. 485, 77 P. 2d 946.) That is ordinarily true. More recent decisions to the same effect are *Burnap v. Burnap,* 144 Kan. 568, 61 P. 2d 899; *Davis v. Davis,* 148 Kan. 211, 81 P. 2d 55; *Sharp v. Sharp,* 154 Kan. 175, 118 P. 2d 561; *McKee v. McKee,* 154 Kan. 340, 118 P. 2d 544. But do those decisions reach the specific issue presented here?

The permanent alimony judgment in the sum of $2,000 clearly did not reduce the amount past due on the prior order for separate

maintenance. The question of reducing past-due installments is, therefore, not here involved. The only question is whether the order for past-due installments for separate maintenance can now be enforced. That depends upon whether the subsequent decree of divorce and alimony judgment, in legal effect, constituted a final settlement and adjudication of all obligations, of both husband and wife, which inhered in and grew out of the former marital relation.

No property was involved. The alimony judgment was not for $2,415, the amount appellee now claims appellant owes, but for $2,000. In her cross petition appellee expressly sought and was given a final alimony judgment. We are informed the alimony judgment in the sum of $2,000 was rendered pursuant to an oral agreement announced in open court. No mention in the divorce and alimony action was made by appellee concerning the previous order for separate maintenance or the amount then due pursuant thereto. In an action for divorce, matters of alimony, division of property and all obligations arising out of or connected with the marital relation may be presented and adjusted. In this state it is the general and well-established policy of the law to require every question properly involved in a divorce action to be finally settled and adjudicated at the time the marital tie is dissolved. A few of the decisions are *Roe v. Roe,* 52 Kan. 724, 35 Pac. 808; *McCormick v. McCormick,* 82 Kan. 31, 107 Pac. 546; *Heivly v. Miller,* 102 Kan. 313, 169 Pac. 1141; *Pinkerton v. Pinkerton,* 122 Kan. 131, 251 Pac. 416; *Noonan v. Noonan,* 127 Kan. 287, 273 Pac. 409; *Mayfield v. Gray,* 138 Kan. 156, 23 P. 2d 498.

It expressly has been decided that all matters which properly may be presented and considered in a divorce action must be presented, and if not presented the judgment is as full and complete a bar as if the matter had been fully tried and determined. (*McCormick v. McCormick, Pinkerton v. Pinkerton,* and *Mayfield v. Gray,* all supra.) There are other decisions to the same effect. The judgment of divorce, although it may not expressly so declare, excludes everything not expressly mentioned or reserved in it. (*McCormick v. McCormick,* and *Mayfield v. Gray,* both supra.) After the divorce has been granted no award of alimony can be made or changed. (*Noonan v. Noonan,* and *Mayfield v. Gray,* both supra.)

Most of the decisions, heretofore cited, were reviewed in the Mayfield case, pertinent portions from the opinions were quoted, and we do not deem it necessary to unduly extend this opinion. In the

Mayfield case the husband, after a divorce and alimony had been granted, was barred from maintaining an action on a note against his wife when he had failed to present the note in the divorce action. We there held:

"In an action for divorce, matters of alimony and division of property are open to consideration, and if there is any question with respect thereto, it must be presented and adjusted at that time.

"Where one spouse is indebted to the other at the time of trial of a divorce action, and a decree fixing property rights is rendered, it will be presumed that such indebtedness is settled, adjusted and adjudicated in such decree." (Syl. ¶¶ 1, 2.)

In the case of *Heivly v. Miller,* supra, a prior adjudicated claim of the wife, which was not presented in her action for divorce and property settlement, was declared barred. While it is true the judgment in the Heivly case recited it was a final and full adjudication of all property rights and claims between the parties, it will be observed that express recital was simply in harmony with the well-established general policy of this state in divorce actions. We there said:

"It is contended by the plaintiff that the allowance by the probate court is as conclusive upon the parties as a judgment of the district court. Assuming that it was as conclusive as plaintiff contends, it must be held that her rights in the claim were finally and fully determined by the judgment rendered when the divorce was granted. The decree purports to dispose of all property rights of the parties and of every claim existing between them. The terms of the decree cover adjudicated claims as completely as claims or rights which had not been determined by a court. The facts in the case bring it within the rule stated in *Roe v. Roe,* 52 Kan. 724, 35 Pac. 808, that 'the final judgment in an action granting a divorce settles all property rights of the parties, and is a bar to an action afterward brought by either party to determine the question of alimony, or any property rights which might have been settled by such judgment.' (Syl. ¶ 2.) In this case the plaintiff's claim might not only have been settled in the action of divorce, but the court in its judgment declares that all property rights have been determined and all existing claims adjusted. The statute authorizes such an adjudication of property rights when a divorce is granted and, besides, as stated in *Roe v. Roe,* supra, 'it is the general policy of the law, strongly adhered to by this court in its prior decisions, to require every question properly involved in any suit to be disposed of by the judgment finally rendered in the case.' (p. 728.) The Roe case must be regarded as a controlling authority in this one." (p. 315.)

Appellee directs our attention to a statement in 27 Am. Jur., Husband and Wife, § 429, which on its face would indicate a decree of divorce has no effect upon the husband's liability to pay install-

ments of separate maintenance or alimony which have already accrued at the time of the divorce decree. In the cross petition of the instant case, appellee sought not only a divorce but also a final alimony judgment. Her request was considered and·allowed in the sum of $2,000. If appellee desired to collect in addition thereto the sum then due on the prior order for separate maintenance she should have presented the claim.

In passing we may observe the reference in support of the text from American Jurisprudence, includes an annotation in 42 A. L. R. 1375, upon the subject: "Decree of divorce in one state as affecting previous order or decree for separate maintenance in another." Careful reading of the annotator's preliminary remarks will readily disclose that the principal case to which the annotation is appended and at least some of the cases contained in the annotation involve jurisdictional questions not contained in the instant case. But in the annotation see the case of *Gilbert v. Gilbert,* 83 Oh. St. 265, 94 N. E. 421, where also alimony was sought, which is in harmony with our own views. Assuming there is a conflict of authority, we are persuaded the long established basic principle here involved and announced in our former decisions is sound and should not be disturbed.

In view of this conclusion upon the principal question presented it is unnecessary to treat other contentions touching subordinate issues. It follows the judgment of the trial court must be reversed. It is so ordered.

Hoch, J., not participating.