No. 38,296

SYLVIA J. MITCHELL, *Appellee*, v. JEFFERSON W. MITCHELL, *Appellant*.

(233 P. 2d 517)

Opinion filed July 3, 1951.

*Carl V. Rice*, of Kansas City, argued the cause and *John K. Bremyer*, of Mc-Pherson, was with him on the briefs for the appellant.

*Richard F. Mullins*, of Wichita, argued the cause and *Lester C. Arvin* and *Milo M. Unruh*, both of Wichita, and *George R. Lehmberg* and *J. R. Rhodes*, both of McPherson, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for specific performance of written contracts, or in the event specific performance could not be had, the recovery of money. Judgment was for the plaintiff decreeing specific performance. The defendant has appealed.

The petition was in what the plaintiff denominated three counts.

In count 1 the petition alleged that on the 20th day of February, 1945, plaintiff and defendant, husband and wife, entered into a written contract whereby the defendant agreed to pay plaintiff $100 a month on the 5th day of each month as long as she should remain unmarried; that if she should remarry the payments would be suspended and that if that marriage should terminate by death, separation or divorce the payments should be resumed subject to a reduction should the defendant's salary be reduced; that on March 3, 1945, plaintiff and defendant were divorced and on May 3, 1945, they were remarried; that on September 21, 1946, they were again divorced; that notwithstanding the terms of the contract of February 20, 1945, the defendant had failed to pay plaintiff the moneys due her since the second divorce, in accordance with its terms. The prayer was that defendant be ordered to comply with the terms of the contract and pay the plaintiff all the moneys due thereunder.

The second count set out that contemporaneously with the execution of the above agreement the parties agreed that defendant should keep in force certain insurance policies on his life and that he had failed to do so. The prayer of this count was for judgment requiring defendant to maintain the contracts of insurance referred to or in the alternative that he should be compelled to procure on his life contracts of a similar type and in an amount equal to those mentioned.

The third count referred to the allegations of the first two counts and prayed that if the court could not compel specific performance plaintiff have damages in the amount of $20,000 for the breach of the contract referred to in count 1 and $10,000 for the breach of that referred to in count II.

Both of the contracts to which reference was made in the petition were attached as exhibits.

The contract referred to in Count I was as follows:

"THIS AGREEMENT made and entered into on this 20th day of February, 1945, by and between SYLVIA J. MITCHELL, Party of the First Part, hereinafter referred to as 'wife,' and JEFFERSON W. MITCHELL, Party of the Second Part, hereinafter referred to as 'husband.'

"WHEREAS, JEFFERSON W. MITCHELL and SYLVIA J. MITCHELL are lawful husband and wife and are not in an actual state of separation and desire to enter into a property agreement for the settlement of their property rights and for her maintenance and support, both temporary and permanent.

"NOW THEREFORE,

"IN CONSIDERATION of the mutual covenants and agreements herein contained, it is hereby agreed:

"1. That said husband, JEFFERSON W. MITCHELL, does hereby agree to pay to his said wife, SYLVIA J. MITCHELL, by way of division and settlement of property rights, maintenance and support the sum of One Hundred Dollars ($100.00) per month, payable on or before the 5th day of each and every month thereafter, beginning March 5, 1945, and consecutive monthly thereafter; such payments to continue during her lifetime and so long as said wife shall remain unmarried, it being agreed however, that in the event said wife should hereafter remarry that said monthly payments shall be suspended during such period of her remarriage but should such remarriage hereafter terminate by reason of either the death, separation or divorce of such subsequent husband that said wife might marry, that such monthly payments shall be resumed and, automatically, without further notice become due and payable in the same amounts monthly consecutively. It is the intention of the parties hereto, however, that in the event of said wife's remarriage and the subsequent resumption of the monthly payments hereunder as above stated, that should said wife then and thereafter remarry a second time, that such remarriage shall work a termination of this contract and no payments shall be made thereafter to such wife.

"2. It Is Further Agreed by and between the parties hereto that the amount of said monthly payments due hereunder of $100.00 per month is based and predicated upon the present monthly salary which said husband is now receiving from the Phillips Petroleum Company, his present employer, and that should said husband's present monthly salary be reduced, that said $100.00 monthly payments due to said wife hereunder shall likewise be reduced each month proportionately in the same ratio or proportion that the reduced earnings bear to the present monthly earnings of the husband. (By way of illustration, should said husband earn only 75% of his present monthly earnings per month, then during such monthly periods the wife shall receive hereunder only $75.00 per month instead of $100.00 per month.)

"3. In consideration of the above, the husband does hereby release said wife from any and all right of property division, maintenance and support that he may have against her, and said wife does hereby likewise mutually release said husband for any and all rights of property division, maintenance and support that she may have against said husband except insofar as the same concerns a contract of this date entered into between the same parties hereto, pertaining to life insurance policies, whereby the husband agrees to continue in full force and effect certain life insurance policies described therein, to pay the premiums thereon as provided in such contract, and waives his right of changing the beneficiary now therein named."

The contract referred to in Count II covered several insurance policies on defendant's life. It is not necessary to set them out here. It contained the following provision:

"Now Therefore, the parties in consideration of the settlement of their affairs and as a part thereof, have agreed; That said Jefferson W. Mitchell will continue to pay the necessary premiums to keep said policies alive, in full force and effect as is contemplated upon the issuance of said policies; and agrees that the same shall be maintained for the protection and benefit of his said wife, Sylvia J. Mitchell, Said Jeffferson W. Mitchell does hereby waive and surrender his right to change beneficiaries on said policies from and after this date insofar as said Sylvia J. Mitchell is a beneficiary in said policies, it being the intention of the parties hereto that the rights of Sylvia J. Mitchell as beneficiary under said policies shall be vested in her without any right, power or discretion in said Jefferson W. Mitchell hereafter to change the beneficiary or beneficiaries of said policies insofar as she, Sylvia J. Mitchell, is concerned."

The defendant answered admitting the marriages and divorces alleged but denying every other allegation. The answer then alleged that on May 3, 1945, defendant was the owner of property having a value of $11,000 and arranged to borrow $19,500; that with these funds and $1,000 borrowed by plaintiff, plaintiff and defendant purchased a resort property; that about June 28, 1946, plaintiff and defendant orally agreed to separate and divide their property, share and share alike; that they sold their equity in the

resort property for $27,000 and the proceeds thereof were divided equally between them in full settlement of their respective claims against one another; that one-half the cash received was paid to plaintiff and she received a half interest in a $20,000 note representing the balance.

The reply of plaintiff to defendant's answer admitted buying the resort property and that the parties sold their equity in it and she received one-half the cash and one-half interest in the $20,000 note. The reply further stated that plaintiff at no time agreed to accept one-half of the proceeds of the equity in the resort property as a full settlement of her property rights, but alleged that any oral agreement made by plaintiff and defendant to divide their property, share and share alike, would be unenforceable under the statutes of Missouri and Oklahoma.

The trial court found that all of the allegations in the plaintiff's petition and amended petition and reply were true; that the contracts referred to in the petition should be specifically enforced; that judgment should be rendered in favor of plaintiff against the defendant and that there was then due from defendant to the plaintiff $4,093.44. Judgment was further entered that defendant secure and maintain on his life insurance equal to the face value of the policies specified in the agreement. Judgment was entered accordingly.

Defendant filed a motion for a new trial on account of abuse of discretion by the court; misconduct of the prevailing party; defendant was not afforded a reasonable opportunity to be heard on the merits of the case; erroneous rulings of the court; the decision was given under the influence of passion and prejudice; and the decision was in whole or in part contrary to the evidence. This motion was overruled—hence this appeal.

The specifications of error are that the court erred in admitting the testimony of the attorney who drew the contracts as to their meaning; in refusing to find that the parties prior to their remarriage agreed to cancellation of the separation agreements executed at the time of their first divorce; in refusing to find that the conduct of the parties before and after their second marriage established their agreement to cancel the separation agreement; in refusing to rule as a matter of law that the remarriage of the parties nullified the separation agreement; in refusing to find that the parties by oral agreement revoked the insurance agreement; in sub-

stituting a new insurance agreement for that executed by the parties; in using the equity power of the court to order defendant to make future payments of money not yet due; in refusing to find that the agreement to make payments after a prospective separation was void as against public policy; that the judgment was not supported by evidence; and in refusing to enter judgment for defendant.

Various grounds are urged here why the judgment should be reversed. We find it unnecessary to consider all of them, however. There actually is not much dispute about the facts. Plaintiff and defendant were husband and wife and being about to separate entered into the contracts, the subject matter of this action. Subsequently they were divorced and defendant began to comply with the terms of the contracts. After just a few months separation they were again married. And under strict terms of the contract he ceased to comply with it. After a few months they were again divorced. Plaintiff herself testified, the decree in the second divorce did not contain any provision for a property settlement and she had no agreement with defendant concerning a property settlement at that time. This latter statement was not exactly correct since she had just testified that during the second marriage they had pooled their joint resources in a joint venture, sold out at a profit and divided the proceeds of the sale evenly. At any rate, it is conceded the second action was for a divorce decree and nothing more, no adjudication or consideration of property rights whatever. We dealt with an analogous situation in *Calkins v. Calkins,* 155 Kan. 43, 122 P. 2d 750. There the defendant husband at the time the divorce decree was entered was in arrears in his payments to his wife pursuant to the judgment in a separate maintenance action. This was not mentioned or considered in the divorce action. When the divorced wife attempted to garnishee her former husband's salary to collect the back payments on the action in separate maintenance, we held:

"In an action for divorce, matters of alimony, division of property and all obligations arising out of or connected with the marital relation may be presented and adjusted. If not then presented the judgment is as full and complete a bar to a subsequent assertion of such rights between the husband and wife as if they had been fully tried and determined in the divorce action."

Not much more need be said. The authorities are fully discussed in that opinion. All matters of property settlement between the plaintiff and defendant could have been adjudicated in the second

divorce action. Since they could have been adjudicated there and were not, they cannot be the subject of subsequent litigation.

The judgment of the trial court is reversed.