No. 38,296

Sylvia J. Mitchell, *Appellee,* v. Jefferson W. Mitchell, *Appellant.*

(239 P. 2d 979)

Opinion on rehearing filed January 26, 1952. Former opinion adhered to. (For original opinion of reversal see *Mitchell v. Mitchell,* 171 Kan. 390, 233 P. 2d 517.)

*Carl V. Rice,* of Kansas City, argued the cause and *John K. Bremyer,* of McPherson, was with him on the briefs for the appellant.

*Richard F. Mullins* and *Millo M. Unruh,* both of Wichita, argued the cause; *Lester C. Arvin,* of Wichita; *J. R. Rhodes* and *George Lehmberg,* both of McPherson, were with them on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This appeal was considered and passed on July 3, 1951. (See *Mitchell v. Mitchell,* 171 Kan. 390, 233 P. 2d 517.) At that time the judgment of the trial court was reversed. A rehearing was allowed and it was again finally submitted in December, 1951.

The action was for specific performance of a contract entered into by a husband and wife in contemplation of a divorce. For detailed statement of facts reference is made to *Mitchell v. Mitchell,* supra.

By the contract defendant agreed to pay plaintiff $100 a month during her lifetime, or until she should remarry, and if such remarriage should terminate by death, separation or divorce, then the payments should be resumed. At that time the parties lived in Oklahoma. March 3, 1945, they were divorced in an Oklahoma court.

Payments were made by the hubsand pursuant to the contract. May 3, 1945, they remarried and payments were stopped in conformance with the contract. Subsequently they moved to Missouri. In that state they were again divorced by the circuit court of that state. Neither the Oklahoma decree of divorce nor the one in Missouri mentioned the contract of February 20, 1945, or made any mention of a property settlement. After the Missouri divorce, defendant made no payments pursuant to the separation contract and otherwise failed to abide by it. Subsequently both parties became domiciled in Kansas. This action was brought to enforce the contract. Upon defendant's motion the trial court required the plaintiff to attach to the petition copies of the Oklahoma decree of March 3, 1945, and of the Missouri decree of September 21, 1946.

The trial court gave judgment for the plaintiff. We reversed and said:

"We dealt with an analogous situation in *Calkins v. Calkins*, 155 Kan. 43, 122 P. 2d 750. There the defendant husband at the time of the divorce decree was entered was in arrears in his payments to his wife pursuant to the judgment in a separate maintenance action. This was not mentioned or considered in the divorce action. When the divorced wife attempted to garnishee her former husband's salary to collect the back payments on the action in separate maintenance, we held:

" 'In an action for divorce, matters of alimony, division of property and all obligations arising out of or connected with the marital relation may be presented and adjusted. If not then presented the judgment is as full and complete a bar to a subsequent assertion of such rights between the husband and wife as if they had been fully tried and determined in the divorce action.' "

On the rehearing plaintiff argues first that the enforcibility of the separation contracts in Oklahoma was not impaired by the fact that the contracts were not merged in the first divorce decree in Oklahoma. Opinions of the supreme court of Oklahoma are cited to sustain that position. We find it unnecessary to decide that question here. We are concerned with the effect to be given the Missouri decree. No mention of the separation contract was made in that decree either.

Plaintiff argues that in Missouri a husband and wife may make a valid and binding agreement to a property settlement in contemplation of a divorce without submitting it to the court, which may thereafter hear and determine all questions in respect to the divorce. (See *Dorsett v. Dorsett*, 232 Mo. App. 126, 90 S. W. 2d 188.)

Plaintiff then argues that the circuit court of Missouri did not

take jurisdiction of the separation agreement since it was not submitted to it. Her point is, that the circuit court of Missouri treats divorce cases as cases in equity and since equity jurisdiction will extend only to controversies which arise and are submitted by proper proceedings the separation contract here involved, never being submitted to the circuit court, the judgment of the trial court entering the divorce decree had no effect whatever on it.

The Missouri circuit court, however, had jurisdiction and could have adjudicated the rights of the parties under the contract had they been submitted to it. Actually that is the point upon which *Calkins v. Calkins,* 155 Kan. 43, 122 P. 2d 750, turned. We placed the decision in that case on the fact that the matters of alimony and division of property growing out of the separate maintenance action could have been settled in the subsequent divorce action. It is a well recognized general rule that where matters could have been adjudicated in an action between the same parties, the judgment in the earlier action will be *res judicata* of all those matters in a subsequent action between the same parties.

The argument of plaintiff in her motion for a rehearing, which was persuasive on the question of whether a rehearing should be allowed, was that by our decision of July 3, 1951, we were not giving full faith and credit to the Missouri judgment in the divorce action. Plaintiff points out G. S. 1949, 60-1518, which provides as follows:

"A judgment or decree of divorce rendered in any other state or territory of the United States in conformity with the laws thereof, shall be given full faith and credit in this state; . . ."

On examination and reconsideration we can discern no particular in which our decision failed to give full faith and credit to that judgment. It was a divorce action, nothing more. We recognize it as such. Plaintiff concedes that the property matters could have been adjudicated by the circuit court of Missouri had such matters been presented to it. Since that is the case those matters cannot be made the subject matter of a subsequent action in this state. The application of such a rule does not deny full faith and credit to the Missouri judgment.

The plaintiff also argues that our decision conflicts with our holding in *Petty v. Petty,* 167 Kan. 510, 207 P. 2d 428. What we have already said is an answer to that argument.

The judgment of reversal is adhered to and the trial court is directed to enter judgment for the defendant.