Jeanne H. ELMER, Appellant,

v.

Lee Nelson ELMER, Appellee.

No. 6692.

Court of Civil Appeals of Texas,
El Paso.

April 19, 1978.

Rehearing Denied May 17, 1978.

Bean, Zavaleta & Rosado, P. C., Woodrow W. Bean, II, Richard R. Alvarado, Johnson, Allen & Aycock, P. C., James T. Allen, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, David P. Hassler, El Paso, for appellee.

OPINION

OSBORN, Justice.

This case involves the effect of a Kansas divorce decree upon military retirement benefits when the decree was silent as to the division of such benefits.

These parties were married in August, 1953, and divorced in December, 1976. The

Appellee is a retired Lieutenant Colonel whose military retirement benefits are apparently in excess of $1,000.00 per month. The Kansas divorce decree divided the parties' property according to a settlement agreement, but no mention was made of retirement pay. In this case, Appellant seeks a one-half interest in those benefits. Appellee obtained a summary judgment denying the relief sought, and we affirm.

Although Kansas is a separate property state, these parties resided in community property states, including Texas, during a part of the time these retirement benefits were earned. The summary judgment proof includes not only the divorce decree and settlement agreement, but some of the correspondence between the attorneys as to the negotiations leading up to the final agreement. In February, 1976, counsel for Mr. Elmer offered, among other things, to pay "alimony in a lump sum of $25,800.00." After some negotiations in August, 1976, counsel for Mrs. Elmer proposed that Mrs. Elmer receive "45.5% of gross retirement benefits received from the United States Army by Lt. Col. Elmer until her death or remarriage." By reply, counsel for Mr. Elmer said his client rejected the 45.5% provision, but that he indicated that he would "pay a maximum of $450 per month, which is approximately the percentage that you are requesting of his net." Counsel for Mrs. Elmer responded: "We are willing to accept $450.00 as alimony until the death of either party or the remarriage of Mrs. Elmer." The property settlement agreement did in fact provide for alimony in the sum of $450.00 commencing in January, 1977, and each month thereafter, with payments to terminate upon the death or remarriage of Mrs. Elmer. There was also a provision for alimony to increase or decrease based upon increases in the income of the respective parties.

As a part of his summary judgment proof, the Appellee filed a motion pursuant to Rule 184a, Tex.R.Civ.P., for the trial Court to take judicial notice of the common law, certain statutes, and Court decisions of the State of Kansas which relate to the issue in this case.

Since neither the property settlement agreement nor the divorce decree mentioned military retirement benefits, Mrs. Elmer contends that under the holding in *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970), the judgment in the divorce suit does not preclude her from seeking a partition of that portion of these benefits which are community property.

If the parties had been divorced in Texas, she would be entitled to the relief sought. But Kansas Courts do not apply the same rule. In *Calkins v. Calkins*, 155 Kan. 43, 122 P.2d 750 (1942), the Court reviewed the rule as previously announced by Kansas Courts in divorce cases and said:

"* * * In an action for divorce matters of alimony, division of property and all obligations arising out of or connected with the marital relation, may be presented and adjusted. In this state it is the general and well-established policy of the law to require every question properly involved in a divorce action to be finally settled and adjudicated at the time the marital tie is dissolved. A few of the decisions are *Roe v. Roe*, 52 Kan. 724, 35 P. 808, 39 Am.St.Rep. 367; *McCormick v. McCormick*, 82 Kan. 31, 107 P. 546; *Heivly v. Miller*, 102 Kan. 313, 169 P. 1141; *Pinkerton v. Pinkerton*, 122 Kan. 131, 251 P. 416; *Noonan v. Noonan*, 127 Kan. 287, 273 P. 409; *Mayfield v. Gray*, 138 Kan. 156, 23 P.2d 498.

"It expressly has been decided that all matters which properly may be presented and considered in a divorce action must be presented and, if not presented, the judgment is as full and complete a bar as if the matter had been fully tried and determined. *McCormick v. McCormick*, *Pinkerton v. Pinkerton*, and *Mayfield v. Gray*, all supra. There are other decisions to the same effect. The judgment of divorce, although it may not expressly so declare, excludes everything not expressly mentioned or reserved in it. * * *"

That decision was followed and was the basis for the decision in *Mitchell v. Mitchell,*

171 Kan. 390, 233 P.2d 517 (1951). The Court, in that case, quoted the above language from the *Calkins* case and concluded:

"Not much more need be said. The authorities are fully discussed in that opinion. All matters of property settlement between the plaintiff and defendant could have been adjudicated in the second divorce action. Since they could have been adjudicated there and were not, they cannot be the subject of subsequent litigation."

On rehearing, the Court adhered to its earlier decision. *Mitchell v. Mitchell*, 172 Kan. 212, 239 P.2d 979 (1952).

The rule continues to be followed. In *Breidenthal v. Breidenthal*, 182 Kan. 23, 318 P.2d 981 (1957), the Court again said that a final judgment of divorce settles all property and alimony rights, whether or not they have been presented and considered by the Court. And in *Schnug v. Schnug*, 197 Kan. 174, 415 P.2d 283 (1966), the Court again noted "the general policy of the law of this state to require every question involved in a divorce action to be disposed of by the judgment finally rendered; * * * all matters which may be presented and considered must be presented, and if not presented, the judgment is as full and complete a bar as if the matter had been fully tried and determined."

 We believe that the full faith act and credit clause of the Federal Constitution and the Act of Congress implementing that provision require that we apply the finality of judgment rule as set forth in the Kansas Courts. U.S.C.A.Const. Art. 4, Sec. 1; 28 U.S.C.A. Sec. 1738; *Gibson v. Gibson*, 286 S.W.2d 216 (Tex.Civ.App.—Beaumont 1955, no writ). In effect, we are required to give the Kansas judgment such faith and credit as it has by law or usage in the Courts of Kansas, and the highest evidence of what faith and credit a judgment has in the state of its origin is the decisions of the Court of last resort of that state. *Free v. Western Union Telegraph Co.*, 158 Wis. 36, 147 N.W. 1040 (1914), error dism'd, 242 U.S. 613, 37 S.Ct. 20, 61 L.Ed. 527 (1916). Since the Courts of Kansas clearly would not permit this second suit to determine the property rights of these parties, neither may the Courts of this State permit such suit. This is required in full faith and credit cases even though the rule being applied is contrary to the public policy of the situs state. *Rich v. Con-Stan Industries*, 449 S.W.2d 323 (Tex.Civ.App.—Tyler 1969, no writ).

The Appellant's points of error are overruled and the summary judgment in favor of the Appellee is affirmed.