**Donna Jean COUSINS, Appellant,**

v.

**Thurman Claude COUSINS, Appellee.**

**No. 1309.**

Court of Civil Appeals of Texas, Tyler.

Jan. 31, 1980.

Rehearing Denied March 14, 1980.

Richard B. Tanner, Dallas, for appellant.

Charles R. Ford, Kaufman, for appellee.

SUMMERS, Chief Justice.

This is a divorce case in which the only question on appeal involves the effect of a prior Oklahoma divorce decree (between the parties) upon appellee's military retirement benefits when said Oklahoma decree was silent as to the division of such benefits.

Appellee joined the United States Armed Forces in 1951, and after eight years in the service, he and appellant were married in Texas on April 2, 1959. After a period of eighteen months absence from the service from September of 1959 through March of 1961, appellee was on active duty in the army out of Fort Sill, Oklahoma. In 1966 the parties bought and thereafter maintained a family home in Lawton, Oklahoma. While in the armed services, Mr. Cousins carried his mother's residence in Scurry, Texas, as his home of record, except for three years when he carried Oklahoma as his home of record. Of the 271 total months that appellee spent in the armed services, he and appellant were married for 176 months.

Appellee was still on active duty stationed with the U.S. Army at Fort Sill, Oklahoma, when Mrs. Cousins sued him for divorce in Comanche County, Oklahoma, in 1973. Appellant admits her awareness and knowledge at the time of this divorce of appellee's non-vested military retirement benefits, but the 1973 Oklahoma divorce decree, which divided the property of the parties, failed to mention appellee's retirement benefits. Under the Oklahoma decree appellant was awarded the family residence in Lawton, Oklahoma, alimony in the amount of $6,000.00, and other items of personal property.

On July 1, 1975, appellee retired from the service in Oklahoma, and began receiving, after taxes, $676.96 as monthly military retirement benefits.

Appellant remarried appellee in Oklahoma on August 23, 1976, but the parties were separated one year later. It was after this second marriage that the parties moved to Texas. Appellee sued appellant for divorce in Texas in 1978, and it is out of this litigation that the present dispute has arisen over appellee's military retirement benefits.

Trial was to the court without a jury. Judgment was entered granting a divorce, appointing managing and possessory conservators of the two children, setting visitation rights and child support, and dividing the estate of the parties. The military retirement benefits were awarded to Mr. Cousins as his separate property. The appellant appeals only complaining of the trial court's failure to award her a portion of appellee's military retirement benefits.

We affirm.

Appellant predicates her appeal upon a single point of error alleging that the district court erred by not awarding any percentage of military retirement benefits to appellant in that the military retirement benefits are community property capable of division by the court.

■ The record before us is without findings of fact or conclusions of law. Under these circumstances, the well settled rule is that the appellate court is required to affirm the judgment rendered by the trial court if it can be sustained on any reasonable theory authorized by law and supported by the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962); *Sanders v. Republic National Bank of Dallas*, 389 S.W.2d 551, 554 (Tex.Civ.App.—Tyler 1965, no writ).

Appellant contends that military retirement benefits earned during the months of her first marriage to appellee were community property even though the benefits at the time of the divorce in Oklahoma "had not matured and were not at that time subject to possession and enjoyment," under the holding in *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976) and followed in *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977). She further contends that since the Oklahoma divorce decree did not mention or make any reference to such military retirement benefits, such benefits were not disposed of by that decree and such decree does not preclude her from seeking a division of these benefits which are community property, citing *Clendenin v. Krock*, 527 S.W.2d 471 (Tex.Civ.App.—San Antonio 1975, no writ).

If the first divorce of the parties had been in Texas, appellant would be entitled to the relief sought. But Oklahoma Courts do not apply the same rule. In *Baker v. Baker*, 546 P.2d 1325, 1326 (Okl.1975), the Oklahoma Supreme Court held that in the State of Oklahoma a husband's military service pension is not property acquired by the parties during coverture and therefore is not subject to being divided by a trial court as part of the property division; but it would be proper to consider such benefits in determining the amount of alimony for support.

■ Appellant does not contest that the Oklahoma Court had jurisdiction to grant the divorce action brought by her in 1973 in Comanche County, Oklahoma, where she and appellee resided. Both appellant and appellee with their respective attorneys appeared and participated in the Oklahoma divorce action. Therefore, the decree of

divorce rendered in the District Court of Comanche County, Oklahoma, constituted an effective adjudication both as to the marital status of the parties as well as to all the proprietary and economic incidents of the marriage. *Shipp v. Shipp*, 383 P.2d 30, 32–33 (Okl.1963).

■ The effect of the Oklahoma decree is to bar appellant from claiming any right to or interest in the military retirement benefits accrued by appellee during the parties former marriage.

Okla.Stat.Ann. tit. 12, sec. 1279 (West 1961), provides:

"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, and *shall be a bar to any claim of either party in or to the property of the other*, except in cases where actual fraud shall have been committed by or on behalf of the successful party." (Emphasis ours.)

There is no question of fraud in the instant case because appellant admits her awareness and knowledge at the time of the Oklahoma divorce action of appellee's nonvested military retirement benefits.

■ In conformity with the terms of this Oklahoma statute, a decree of absolute divorce, when rendered by a court which acquires jurisdiction of the parties, operates to effectively extinguish and terminate all pre-existing rights of the parties arising out of their former marital status. *Shipp v. Shipp*, supra at 33; *Wilcox v. Wilcox*, 198 Okl. 370, 178 P.2d 874, 875–876 (Okl.1947). See also *Willbrook v. Worten*, 137 Okl. 148, 278 P. 388, 389 (Okl.1929).

Under Rule 184a of the Texas Rules of Civil Procedure, upon motion made by appellee, the trial court in the case at bar took judicial notice of Okla.Stat.Ann. tit. 12, sec. 1279 (West 1961), the finality of divorce statute followed by Oklahoma courts, and of the 1973 Oklahoma Final Decree of Divorce of the parties.

In *Elmer v. Elmer*, 567 S.W.2d 18 (Tex. Civ.App.—El Paso 1978, writ ref'd n. r. e.), the court held that the full faith and credit clause of the Federal Constitution and the Act of Congress implementing that provision require that the court apply the finality of judgment rule as set forth in the Kansas courts; and applying said Kansas rule a divorced wife was held to be precluded from seeking a partition in Texas of her divorced husband's military retirement benefits following entry of the Kansas divorce decree which divided the parties property without mention of the military retirement benefits in either the property settlement agreement or the divorce decree.

In *Welsch v. Gerhardt*, 583 S.W.2d 615 (Tex.1979), the Supreme Court of Texas recently had occasion to pass upon the effect of a prior State of Washington divorce decree upon a subsequent Texas action brought by a divorced wife to partition the divorced husband's military retirement benefits. Neither the property settlement agreement nor the Washington divorce decree, which adopted and approved the property settlement agreement, mentioned the military retirement benefits. The Supreme Court of Texas held that under Washington law the divorced wife did not have a cause of action to partition military retirement benefits being received by the divorced husband; and, furthermore, that under the full faith and credit clause of the United States Constitution (U.S.C.A. art. IV, sec. 1) and the statute implementing that constitutional provision, Texas courts must give the Washington decree that faith and credit which would be accorded to it by the courts of that State. *Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963).

■ Since the courts of Oklahoma clearly would not permit the suit at bar for divorce of their second marriage to determine property rights of these parties already adjudicated by the divorce decree from their their first marriage, neither may the courts of this state permit such determination. This is required in full faith and credit cases even though the rule being applied is contrary to the public policy of the situs state. *Elmer v. Elmer*, supra at 20; *Rich v. Con-Stan Industries*, 449 S.W.2d 323, 327 (Tex. Civ.App.—Tyler 1969, no writ).

We find no merit in appellant's point of error, and the judgment of the trial court is accordingly affirmed.