George L. **DANFORTH**, Appellant,

v.

Nancy G. **DANFORTH**, Appellee.

No. 17767.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 6, 1980.

Rehearing Denied Dec. 11, 1980.

Donald W. Rogers, Jr., Houston, for appellant.

Donald K. Shipley, Houston, for appellee.

Before PEDEN, EVANS and WARREN, JJ.

EVANS, Justice.

The trial court awarded defendant's former wife one-half of military retirement funds earned by his service in the Air Force during their marriage. This appeal results.

The defendant joined the Air Force in January, 1943, and in November, 1949, he married the plaintiff in Ohio. The parties were divorced in Kansas in January, 1963, and then remarried in Kansas in December of that year. In August, 1964, defendant retired from the Air Force, and he and the plaintiff moved to Texas where they again were divorced in May, 1967.

It is the defendant's contention that the trial court should have awarded the plaintiff only that proportionate share of his retirement benefits that were earned by his military service during their second marriage. He argues that the Kansas divorce decree made no mention or disposition of such benefits and, therefore, that the retirement funds were his separate property under Kansas law. In support of this contention, defendant relies upon *Elmer v. Elmer*, 567 S.W.2d 18 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.), and *Cousins v. Cousins*, 595 S.W.2d 172 (Tex.Civ.App.—Tyler 1980, writ dism'd).

In *Elmer* the decree entered in a Kansas divorce proceeding was silent as to the division of military retirement benefits. The Texas court held that under Kansas law the divorce decree barred any subsequent effort to litigate the parties' rights in such fund. The circumstances in *Elmer* are distinguishable from those in the case at bar. In the instant case the Kansas decree provides:

IT IS FURTHER BY THE COURT ORDERED THAT the Stipulation and Agreement heretofore executed by and between the parties hereto on the 27th day of December, 1962 be and the same is hereby affirmed and approved in its entirety by the Court; that the same be and it is hereby made a part hereof, ordered attached hereto, and shall have the same force and effect as to all particulars therein as though set forth in detail herein.

The property settlement agreement referred to in the decree stipulates:

10. It is further agreed by and between the parties hereto that this agreement is intended to be a full and complete settlement of all their property interests and in lieu of alimony, and should either or both of the parties have assets omitted herein by inadvertance, mistakes, or design, including but not limited to securities, monies, or real or personal property, any such assets shall be divided one-half (½) to each of them, that notwithstanding

any successful prosecution of a divorce action by the plaintiff nor the terms of the Journal Entry of Judgment, in the event of a divorce, said action may not be pleaded as a defense by either of the parties should assets other than those enumerated herein be discovered.

Thus, the judgment in the Kansas divorce proceedings specifically recognizes and approves the parties' agreement that any omitted assets are to be divided between them in equal shares. The decree recites that the terms of the stipulation and agreement are to have "the same force and effect as to all particulars therein as though fully set forth in detail" in the judgment. That the enforcement of such stipulation may require subsequent court action does not affect the finality of the decree.

The *Cousins* case is also inapplicable. In that case the parties were divorced in Oklahoma and later remarried and divorced in Texas. The Oklahoma decree was silent as to military retirement benefits, and, under Oklahoma law, a husband's military service pension is not considered property acquired by the parties during coverture. Therefore, the retirement benefits were not subject to being apportioned by the court in a division of the marital estate.

The trial court's judgment is affirmed.