This is an action to enforce an October, 1980, Texas judgment which had awarded to Mrs. Tinsley a portion of the military retirement benefits of Mr. Tinsley as community property.
For a better understanding of the issues here involved, it is essential to summarize all prior and present litigation between the parties.
On August 17, 1978, Mrs. Tinsley, a Texas resident, filed for a divorce in Lee County, Alabama, the then domicile of Mr. Tinsley. A divorce judgment ensued in July, 1979, which approved an agreement of the parties regarding a division of property, child custody, child support and the payment of debts. Mrs. Tinsley filed a petition in March, 1980, in a Texas district court seeking a partition of the military retirement benefits of Mr. Tinsley, who, by motion, sought a dismissal thereof for lack of jurisdiction. The Texas court overruled his motion and later, in October, 1980, entered a final judgment dividing such benefits between the parties. On May 19, 1981, Mrs. Tinsley filed the present proceedings in the Circuit Court of Lee County, Alabama. Therein, she prayed for the enforcement of the Texas judgment by the rendition of an Alabama judgment authorizing the recovery of delinquent retirement benefits and directing Mr. Tinsley to pay 11/23 of such *Page 1306 
benefits to her pursuant to the October, 1980, Texas judgment.
The parties entered into the following stipulation of facts:
 "1. Ben C. Tinsley entered active military duty on February 2, 1951.
"2. The parties were married on August 10, 1952.
 "3. There were six (6) children born of the marriage, four (4) of whom had reached the age of majority at the time of the divorce of the parties.
 "4. The parties purchased a home in El Paso, Texas in 1969. Marion D. Tinsley has resided in said home since said purchase.
 "5. Ben C. Tinsley retired from active military duty in March, 1974 and moved back to his home State, Alabama, in May 1974.
 "6. Ben C. Tinsley's military retirement pay and his military disability pay were forwarded directly to the checking account of Marion C. Tinsley for the support and maintenance of Marion D. Tinsley and two (2) minor children remaining with her. Said payments commenced when Ben C. Tinsley moved to Auburn, Alabama in 1974.
 "7. The military retirement pay has continued to be forwarded to the checking account of Marion D. Tinsley, without exception, through this date. Which said retirement check is currently in the amount of $634.01. The disability check continued to be forwarded directly to the checking account of Marion D. Tinsley until 1980.
 "8. On August 17, 1978 Marion D. Tinsley filed for divorce in Lee County, Alabama.
 "9. On July 23, 1979 a Judgment of Divorce was granted on the pleadings by the Circuit Court of Lee County, Alabama. The Divorce Decree approved, ratified and incorporated an agreement of the parties dated July 10, 1979, setting out the division of property, responsibility for obligations and debts, child custody, and child support.
 "10. On the date of the Judgment of Divorce there were two (2) minor children, twins, who were born on December 27, 1965. Ben C. Tinsley was ordered to pay child support in the amount of $458.00 per month for the minor children until they attained the age of twenty-two years, which date will be December 27, 1987.
 "11. There was not specific reference to Ben C. Tinsley's military retirement benefits in the divorce decree. However, the amount of child support set out in the agreement of the parties was the same amount of Ben C. Tinsley's retirement benefits at the time of the divorce decree.
 "12. On March 24, 1980, Marion D. Tinsley filed a Petition for Partition of Tenancy in Common in the District Court of El Paso, Texas where she still resided asking for partition of military retirement benefits of her former husband.
 "13. On May 12, 1980 Ben C. Tinsley, through his attorney, H. Kenneth Wilkes of Opelika, Alabama, filed a Motion to Dismiss in the District Court of El Paso, Texas, alleging lack of jurisdiction. A copy of said motion is attached hereto as Exhibit A.
 "14. H. Kenneth Wilkes was never notified by the Texas Court that his motion had been denied.
 "15. On July 11, 1980, Marion D. Tinsley filed a Request for Admissions and Ben C. Tinsley failed to respond.
 "16. On October 3, 1980, a Final Judgment Partitioning Tenancy in Common was entered in favor of the Plaintiff by default, the Texas Court finding that the Motion to Dismiss constituted a general appearance by Ben C. Tinsley.
 "17. On May 19, 1981, a complaint was filed in Lee County District Court seeking a Judgment based upon the Texas decree."
In October, 1982, the Alabama circuit court denied the relief sought by Mrs. Tinsley and she duly appealed to this court. We affirm.
The jurisdiction of the Circuit Court of Lee County to render the 1979 divorce judgment *Page 1307 
is not questioned. That court had jurisdiction over the parties and over the subject matter. A valid and binding domestic relations judgment was there rendered which, in fact, approved the written agreement of the parties. Mrs. Tinsley selected the divorce forum, that Alabama court.
We summarize some of the laws of the divorce forum, Alabama. The court rendering an Alabama divorce judgment cannot modify a property settlement, except to correct clerical errors, after a lapse of thirty days from the date of the entry of that final judgment approving such settlement. Culverhouse v. Culverhouse,389 So.2d 937 (Ala.Civ.App. 1980); Russell v. Russell,386 So.2d 758 (Ala.Civ.App. 1980). Here, the settlement agreement and the divorce judgment did not specifically refer to Mr. Tinsley's military retirement benefits; therefore, in effect, all of such benefits were determined to belong exclusively to Mr. Tinsley. Lacy v. Lacy, 403 So.2d 251 (Ala.Civ.App. 1981);Coffelt v. Coffelt, 390 So.2d 652 (Ala.Civ.App. 1980). In any event, under Alabama law, military retirement benefits cannot be considered as marital property and may not be included in an award of alimony in gross or in a division of property. It may be considered only as a source of income regarding periodic alimony. Pedigo v. Pedigo, 413 So.2d 1154 (Ala.Civ.App.), cert.quashed, 413 So.2d 1157 (Ala. 1982). Since periodic alimony was not provided for in the agreement of the parties as approved by the divorce judgment and since the future right to award or determine periodic alimony was not reserved in any manner, periodic alimony cannot be awarded through modification proceedings filed after that divorce judgment became final by the passage of time. In short, after the expiration of thirty days from the entry of such a judgment as was rendered in July, 1979, the law of Alabama recognizes no means whereby Mr. Tinsley's retirement income could be reached by Mrs. Tinsley through modification proceedings. Haney v. Haney, 50 Ala. App. 79, 277 So.2d 356 (1973).
Mrs. Tinsley seeks to enforce in Alabama the 1980 Texas judgment which did that which an Alabama court is prohibited from doing. The Texas judgment is directly contrary to the 1979 Alabama judgment.
 "The full faith and credit clause of the United States Constitution does not compel a court to set aside a judgment rendered in an action involving the same issue which is subsequently adjudicated with a different result by a court of a sister state. To so conclude would result in giving greater faith and credit to the judgment of the other state than to the judgment duly entered in the court of the state rendering the first judgment. Hammell v. Britton, 19 Cal.2d 72, 119 P.2d 333."
Pruitt v. Key, 281 Ala. 433, 203 So.2d 450 (1967). Alabama courts are not required by the full faith and credit clause to give recognition to a judgment of a sister state which judgment is in direct conflict with an earlier, non-modifiable, final, valid Alabama judgment, which had jurisdiction over both parties and over the subject matter and which approved an agreement of the parties upon the very same issue determined by the sister state's later judgment.
In McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728,69 L.Ed.2d 589 (1981), it was determined that federal law precludes a state court from dividing military retirement pay pursuant to state community property laws. However, that decision does not have retroactive effect and, therefore, does not apply to the Texas judgment which was rendered before theMcCarty decision. Erbe v. Eady, 406 So.2d 936 (Ala.Civ.App. 1981).
In Elmer v. Elmer, 567 S.W.2d 18 (Tex.Civ.App. 1978), the effect in Texas of a prior Kansas divorce decree was involved. The Kansas decree was silent as to the division of military retirement benefits. In Texas, the former wife subsequently sought a division of such benefits as being community property under the law of Texas. The former husband obtained a favorable summary judgment upon the matter and she appealed. *Page 1308 
Kansas and Alabama are separate property states and the two states above have very similar laws or rules regarding the finality of property settlements. In Elmer, the Court of Civil Appeals of Texas, in affirming the action of the trial court, stated and held: "Since the Courts of Kansas clearly would not permit this second suit to determine the property rights of these parties, neither may the Courts of this State permit such suit."
We do not construe the Elmer opinion to determine a lack of subject matter jurisdiction by the Texas court. Accordingly, that case may not be here used to collaterally attack the October, 1980, Texas judgment. The direct utilization of Elmer
against that judgment lay in an appeal to the Court of Civil Appeals of Texas, not in this court.
Neither the McCarty case nor the Elmer case are direct authority for the affirmance of this appeal for the reasons stated. However, the overall equity, fairness, reasonableness and correctness of the application to the present controversy of the quoted rule from Pruitt v. Key, supra, is buttressed and supported by those two opinions. This is especially true since the 1980 Texas judgment before us is diametrically contrary to both of those appellate opinions.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.