NELLIE SCHEIBEL, APPELLEE, V. RALPH SCHEIBEL,
APPELLANT.

284 N. W. 2d 572

Filed October 23, 1979.    No. 42499.

Jacobsen, Orr & Nelson, for appellant.

Ross, Schroeder & Fritzler, for appellee.

Heard before KRIVOSHA, C.J., BRODKEY, WHITE, and HASTINGS, JJ., and HOWARD, District Judge.

WHITE, J.

This is an appeal from an order denying a motion to quash a writ of execution.   We affirm.

Appellant, Ralph Scheibel, and appellee, Nellie Scheibel, were divorced on April 30, 1958.   The decree provided that appellant, Ralph Scheibel, should pay to appellee the sum of $25 per month for the support of the minor child of the parties.   On September 28, 1964, the parties were remarried and subsequently again divorced on January 15, 1973.   The parties agree that the sum of $1,875 of the child support due between the date of the first divorce and subsequent remarriage was unpaid.   The parties concede that no part of the amount is outlawed by section 42-371 (2), R. R. S. 1943.

The appellant assigns as error the court's failure to determine that the claim of the appellee was unenforceable and barred by the doctrine of laches. With the exception of copies of the two decrees of divorce, a matrimonial certificate, and a stipulation in which the dates of the divorce, remarriage, and subsequent divorce appear, no evidence was introduced.

"Laches does not, like limitation, grow out of the mere passage of time; but it is founded upon the inequity of permitting the claim to be enforced - an inequity founded upon some change in the condition or relation of the parties." Miller v. Miller, 153 Neb. 890, 46 N. W. 2d 618. The question is, then, whether the subsequent remarriage of parties operates as a matter of law, independent of any other circumstances, to automatically bar any action for child support not paid between the time of the first decree of divorce and the subsequent remarriage. We decline to so hold. Laches has been defined as a neglect to assert a right under such circumstances and for such a length of time as, when not induced by fraud or otherwise shown to be justified, will lead a court of equity to refuse its aid. Smith v. Smith, 168 Ohio 447, 156 N. E. 2d 113.

Delay in asserting a right does not of itself constitute laches and in order to successfully invoke the equitable doctrine of laches, it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim. Smith v. Smith, *supra*.

In the absence of any evidence whatever that the appellant was materially prejudiced by the delay in the assertion of the claim for support, we decline to hold that the remarriage of the parties will operate as a matter of law to prohibit the party for whose benefit the support was ordered from instituting action to collect the arrearages.

AFFIRMED.