*In re* MARRIAGE OF JANICE M. LEON, Petitioner-Appellee, and JOHN L. LEON, Respondent-Appellant.

Third District   No. 79-537

Opinion filed May 7, 1980.

Eric Doebler and Lloyd Hammonds, both of Peter F. Ferracuti & Associates, of Ottawa, for appellant.

George Mueller, of Hoffman & Mueller, of Ottawa, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The case comes to us on appeal from a decision of the circuit court of La Salle County. At issue is a question somewhat unique to the law of Illinois, to-wit, the jurisdictional effect of a remarriage of the parties to an action for dissolution. The question arises against a multistate geographical background.

Janice Leon and John L. Leon were first married on August 26, 1972. That union did not endure, and the couple was divorced by the circuit court of La Salle County on April 19, 1976. Pursuant to the terms of the La Salle County decree, the determination of ownership of numerous items of household furniture and furnishings was reserved for future consideration by the court.

Subsequently, a change in climate led to a change in heart and the couple was remarried in the State of Arizona. This second union was also ill-fated as the Leons were once again divorced, this time by the Arizona State court. At this point Janice Leon returned to Illinois and sought to invoke the authority of the La Salle County court to determine the issues reserved in 1976. Over objection the court below accepted the position of Mr. Leon that its authority to act with respect to the personal property was undiminished despite the remarriage and second divorce of the parties. In an order of May 25, 1979, the La Salle County court determined the ownership of the household furniture and furnishings as well as property acquired after rendition of the 1976 decree. The appellant here, Mr. Leon, believes that action was outside the jurisdiction of the court.

There are arguably two grounds on which the trial court could assert jurisdiction as to property disposition under these facts. First, it could be argued that the recent action by the Illinois trial court was a post-judgment proceeding to enforce or modify the Arizona judgment. (Ill. Rev. Stat. 1977, ch. 40, par. 511(c).) From the record there appears to be no attempt to rely on the terms of the Arizona decree. In fact, the Arizona decree is silent as to any property disposition. For the Illinois court to act contrary to the Arizona judgment as regards disposition of property, it would first be necessary to modify that judgment. Modification cannot occur unless the trial court finds the existence of conditions that justify the re-opening of a judgment. Ill. Rev. Stat. 1977, ch. 40, par. 510(a).

A court can, however, enforce the existing terms of a foreign court decree without re-opening the judgment. (Ill. Rev. Stat. 1977, ch. 40, par. 511(c).) The disposition of property pursuant to dissolution of marriage in Arizona is governed by Ariz. Rev. Stat. §25-318 (1976). In accordance therewith, a spouse's sole and separate property is assigned to him. Community, joint tenancy, and other common property not disposed of

by the decree is held by the parties as tenants in common. It follows that even though the Arizona decree on its face is silent as to property disposition, there is incorporated therein by reference to section 25—318 a scheme of distribution which could be enforced in Illinois even without re-opening the judgment. The record suggests that the court below was not attempting to enforce any scheme of distribution found in the Arizona decree, either as rendered or modified.

Having rejected the possibility that the court below was exercising post-judgment authority over a foreign court decree, the second argument proferred to explain the authority of the La Salle County court is grounded in the continuing jurisdiction over the parties and subject matter of the 1976 divorce. Specifically we face the question of what effect remarriage and a second divorce have on the subject matter jurisdiction of the court hearing the first divorce. This question has not often been considered (2A W. Nelson on Divorce and Annulment §17.13 (2d ed. 1961)), and we find little precedential guidance in Illinois case law. Other courts have considered similar questions, and of course their well-reasoned opinions are persuasive here. *In re Marriage of Raski* (1978), 64 Ill. App. 3d 629, 381 N.E.2d 744; *Johnson v. Country Life Insurance Co.* (1973), 12 Ill. App. 3d 158, 300 N.E.2d 11.

We have reviewed a decision reached by a Kansas court, and we are persuaded that the rule established by that case should be followed in Illinois. In *Mitchell v. Mitchell* (1951), 171 Kan. 390, 233 P.2d 517, it was determined that the provisions of the second divorce decree superceded provisions in the first decree with regard to disposition of property. That is, the trial court in a first divorce action is divested of further jurisdiction with regard to division of property upon the subsequent remarriage and redivorce of the parties. We believe this rule is consistent with the policies of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) and would, if followed, foster the orderly administration of justice.

Applying the *Mitchell* holding to the facts of the case at bar, it appears that the court below improperly exercised subject matter jurisdiction over the household furniture and furnishings of the parties. The property division in the Arizona decree, as established by Ariz. Rev. Stat. §25—318 (1976) supersedes the provisions in the 1976 Illinois judgment and divests the Illinois court of further jurisdiction. The orders entered below determining ownership of property must be vacated.

We decline to consider other issues raised in the briefs as it is unlikely those issues will recur.

Orders vacated.

ALLOY, P. J., and BARRY, J., concur.