George **GERVIN**, Appellant,

v.

Joyce A. **GERVIN**, Appellee.

No. 04–85–00131–CV.

Court of Appeals of Texas, San Antonio.

Sept. 30, 1986.

Rehearing Denied Oct. 21, 1986.

John M. Pinckney, III, A. Chris Heinrichs, San Antonio, for appellant.

Soloman Casseb, Jr., James Pearl, Casseb, Strong & Pearl, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS, and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a property division in a divorce suit where the parties have remarried while the appeal is still pending.

Appellant George Gervin, a professional basketball player, and his wife, Joyce Gervin, were divorced in December of 1984. The divorce decree ordered a division of the community estate, including an award to Joyce of various sums under certain endorsement contracts executed by her husband. The court further ordered that George pay Joyce's attorneys' fees ($125,-000) and $25,000 toward her "auditor's fees."

George has appealed the order of the trial court claiming that the property division invaded his separate estate. He further alleges that the award of $150,000 in attorneys' fees and accountant's fees is excessive and not supported by the record.

At oral argument, the attorneys conceded that their clients had reconciled and remarried. However, George's attorney stated that his client wished to continue the appeal. He asserted that the case contains live issues which need to be resolved and that the parties' remarriage to each other has no impact on the justiciability of the controversy.

Courts have generally declined to review cases when the questions have become moot, abstract, or hypothetical since such decisions are advisory in nature. *See Fireman's Insurance Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331, 333–34 (Tex. 1968). Appellate courts do not decide cases unless an actual controversy exists between the parties at the time of the appeal. *Coffee v. William Marsh Rice University*, 387 S.W.2d 132, 136 (Tex.Civ.App.—Houston 1965), *rev'd on other grounds*, 403 S.W.2d 340 (Tex.1966). We do not perceive an actual controversy between the parties at the present time.

■ We hold that the remarriage of the parties while the divorce case is on appeal renders the case moot, and it should be dismissed. There is strong public policy for this conclusion in that it will encourage reconciliations. The parties will be in the same posture as before the divorce, and the ownership status of the property will likewise be the same. The parties are then free to avail themselves of the tools provided by the legislature to partition or exchange any of their community property by agreement, thereby making it separate property. TEX.FAM.CODE ANN. § 5.42 (Vernon Supp.1986). Either party may likewise convey his or her separate property to his or her spouse.

The dissent correctly cites authority which holds that a subsequent remarriage does not change the classification of the property divided in a divorce suit. In those cases there was no appeal of the division of the property, and the judgments became final. That is not the case here where the judgment was appealed.

■ Additionally, there is a challenge to the award of attorneys' and accountant's fees, claiming that they are excessive and not supported by the record. We disagree.

We find that such evidence is contained in the record before us. Mr. Casseb provided a detailed account of his work on Mrs. Gervin's behalf, including a chronology of the litigation and a description surrounding the nature and complexity of the case. This involved a detailed account of issues to be researched, documents which were drafted, served and filed, and details concerning the identity and functions of other professionals who were consulted. Mr. Jack Leon, a San Antonio attorney, stipulated as an expert, corroborated Mr. Casseb's testimony concerning the reasonableness of the fees. Mr. Leon agreed that the case involved complex legal and factual issues requiring a significant amount of time, effort, and expertise. Accordingly, we find that the record contains ample probative evidence in support of the award. The attorney is entitled to be compensated for the work he has done. We sever that

portion of the judgment awarding attorney's fees and affirm it. Appellant will be primarily liable for this debt.

The remainder of the cause is remanded with instructions that the case be dismissed on the ground that it has become moot.

CADENA, Chief, Justice, dissenting.

I cannot quarrel with the statement that an appellate court will decline to review a case when the questions involved on the appeal have become moot, abstract or hypothetical. But I disagree with the conclusion that such rule is applicable in this case. I would review the manner in which the trial court divided the estate of the parties.

The inability of the majority to "perceive an actual controversy between the parties at this time" is due to the fact that the majority is blinded by the fact that, since the rendition of the divorce decree, Joyce and George Gervin have again contracted matrimony with each other.

The remarriage of parties to a divorce proceeding to each other following rendition of the divorce decree does not render moot questions concerning the propriety of the provisions of the decree dividing the marital estate. *Workings v. Workings,* 700 S.W.2d 251, 254 (Tex.App.—Dallas 1985, no writ); *In re Marriage of Kaiser,* 568 S.W.2d 571, 573 (Mo.App.1978). *See also McDaniel v. Thompson,* 195 S.W.2d 202, 203–4 (Tex.Civ.App.—San Antonio 1946, writ ref'd.); *Travis v. Travis,* 227 Ga. 406, 181 S.E.2d 61, 63 (1971); *In re Mallory's Estate,* 300 Pa. 217, 150 A. 606, 607 (1930). Cf. *Greene v. Iowa District Court for Polk County,* 312 N.W.2d 915, 917 (Iowa 1981), and *Scheibel v. Scheibel,* 204 Neb. 653, 284 N.W.2d 572, 573 (1979). The majority opinion makes the pronouncement that the "remarriage of the parties pending appeal renders the case moot ..." This *ex cathedra* statement is as persuasive as the authorities cited in its support.

The fact that the remarriage occurred while the case was on appeal is irrelevant. It is abundantly clear that persons who remarry after rendition of a divorce decree are not barred from seeking a review of the provisions of the divorce decree relating to division of property. Stated differently, the provisions dissolving the marriage are severable from the provisions relating to the division of the property, so that it is possible to challenge the property division portions while accepting the parts of the decree which grant the divorce. *McFarland v. Reynolds,* 513 S.W.2d 620, 625 (Tex.Civ.App.—Corpus Christi 1974, no writ). As our Supreme Court held in *Carle v. Carle,* where an appellant accepts only that portion of a judgment which is admittedly due him, he is not prevented from prosecuting an appeal which involves only his right to further recovery. 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). In *Carle,* appellant appealed only from those portions of the divorce decree which concerned the division of property. Clearly, in the case before us, since there was no appeal from the portions of the decree divorcing the parties, that portion of the judgment became final and is not subject to being set aside under the guise of a finding, entirely gratuitous, of mootness.

It is clear that we have before us a live controversy. This conclusion becomes ineluctable if one but reads the briefs of the parties and recalls the oral arguments presented to this Court. Joyce Gervin is entirely happy with the manner in which the trial court divided the estate of the parties and is defending that division tooth and nail. George Gervin is more than slightly unhappy with the division decreed by the trial court and is doing everything possible to have it set aside. The fact that the parties are "free ... to avail themselves of the tools provided by the legislature to partition or exchange any of their community property by agreement, thereby making it separate property," and that "Either party may likewise convey his or her separate property to his or her spouse" is completely irrelevant. Nothing in the briefs or oral argument suggests that Joyce Gervin is willing to reach an agreement concerning the property. The patronizing suggestion that the parties should

settle their differences amicably cannot form the basis for a finding of mootness. In every case, it is within the power of the disputants to settle their differences, and, if we follow the majority's reasoning, an appellate court could materially lessen its responsibility by reminding the parties that they are free to settle and declaring the controversy moot, even though the parties are at each other's throats.

Even more difficult to understand, in view of the finding of mootness concerning the issue of property division, are the mental processes by which the majority manages to remove the stigma of mootness from the portions of the divorce decree awarding attorney's fees. Certainly, there is no obstacle to the parties reaching an amicable agreement concerning the manner in which the attorney's fees will be paid. Apparently, all of the considerations which lead to a conclusion concerning the property division will, without even an attempt at explanation, be blithely ignored in order to protect the attorneys.

I would decide all of the issues presented on appeal.