*In re* MARRIAGE OF SHIRLEY M. PARKS, Petitioner-Appellant, and LARRY J. PARKS, Respondent-Appellee.

Fifth District   No. 5—92—0702

Opinion filed March 9, 1994.

Gerald J. McGivern, of Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C., of Alton, for appellant.

Gail Gaus Renshaw, of The Lakin Law Firm, of Wood River, for appellee.

JUSTICE WELCH delivered the opinion of the court:

The parties, Shirley M. Parks and Larry J. Parks, were married for the first time on October 14, 1961. This marriage ended in divorce on June 3, 1976. In the decree for divorce, Larry was ordered to pay to Shirley, "the sum of FIVE THOUSAND AND NO/100 DOLLARS ($5,000.00) as Alimony in Gross to be paid *** at the rate of TWO HUNDRED DOLLARS ($200.00) per month until paid in full."

The parties apparently reconciled their differences, at least temporarily, for they were remarried on October 14, 1976, the anniversary of their first marriage and a mere 4 1/2 months after their divorce. However, exactly 16 years from the date of the parties' short-lived divorce, on June 3, 1992, Shirley filed in the circuit court of Madison County a petition for a rule to show cause and for other relief alleging that Larry had failed to pay the $5,000 alimony in gross which he had been ordered to pay to her in the 1976 divorce decree and that the parties had never entered into any written agreement nor had any court order been entered waiving or vacating Larry's obligation under that decree. Shirley sought a judgment in the amount of $5,000 plus statutory interest and an award of attorney fees and costs.

Larry responded to Shirley's petition by arguing that the parties' remarriage had annulled the prior divorce decree and that Shirley could not now enforce any of the provisions contained therein. Larry sought dismissal of Shirley's petition. Shirley responded that alimony in gross is akin to a property settlement and as such is nonmodifiable and enforceable even upon the recipient party's remarriage.

After receiving written memoranda and hearing oral argument, the circuit court of Madison County agreed with Larry, finding in its order entered September 18, 1992: "The remarriage of the parties to each other caused the divorce decree which was entered on June 3, 1976 to be null and void. At that time the parties were restored to their rights as if they had never been divorced." Accordingly, the court granted Larry's motion to dismiss Shirley's petition for rule to show cause and for other relief. Shirley filed her notice of appeal on October 14, 1992.

We note for the curious reader that the record on appeal does contain references to a pending divorce action between the parties, although the pleadings and proceedings therein are not contained in the instant record on appeal. The instant action is one to enforce the 1976 divorce decree and therefore part of the record in the 1976 divorce proceeding.

The issue before us, as we see it, is what effect does a remarriage between the parties to a prior divorce action have upon the judgment or decree of divorce entered therein. As we have stated, the trial

court found that the remarriage rendered the prior divorce decree "null and void" and that "the parties were restored to their rights as if they had never been divorced." After reviewing the very limited case law pertinent to this issue, we conclude that the trial court erred in finding that the prior divorce decree was rendered "null and void" by the subsequent remarriage of the parties. However, we also conclude that the trial court properly dismissed Shirley's petition for rule to show cause and for other relief because we find that, upon the remarriage to each other of parties to a divorce action, the prior divorce decree becomes not null and void but unenforceable as between those two parties. Because the judgment of the trial court may be sustained upon any ground warranted, regardless of whether it was relied upon by the trial court and regardless of whether the reason given by the trial court was correct (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12), we hereby affirm the order of the circuit court of Madison County dismissing Shirley M. Parks' petition for rule to show cause and for other relief.

The first Illinois case to discuss the effect of a remarriage upon a prior divorce decree is *In re Marriage of Leon* (1980), 84 Ill. App. 3d 50, 404 N.E.2d 1071. In *Leon*, this court held that the trial court in a first divorce action is divested of further jurisdiction with regard to the division of property upon the subsequent remarriage and redivorce of the parties. In that case, the parties were married and divorced in Illinois, and the issue of property division was reserved for future consideration by the court. The parties remarried and again divorced in Arizona, where a statute provided for the division of property. The wife then returned to Illinois, where she asked an Illinois court to determine the issues of property division reserved in the first divorce decree, which the court did. The appellate court held that the trial court had improperly exercised subject matter jurisdiction over the property of the parties. It was held that the Arizona divorce decree superseded the provisions of the Illinois divorce and divested the Illinois court of further jurisdiction.

We note that *Leon* did not hold that the remarriage of the parties rendered the earlier divorce decree null and void. *Leon* merely held that a second divorce of the same parties supersedes their first divorce decree and divests the court of jurisdiction to enforce the first decree.

In deciding the *Leon* case, this court relied on the Kansas case of *Mitchell v. Mitchell* (1951), 171 Kan. 390, 233 P.2d 517. In *Mitchell*, a wife sought specific performance of a property settlement contract entered into between the husband and the wife in contemplation of divorce. Following their divorce, the parties remarried. They were,

however, divorced again. The wife filed a petition alleging that the husband had failed to pay to her the sums due under the original property settlement contract and to otherwise comply therewith. The trial court granted the wife's petition. The appellate court reversed, finding that all matters of property settlement between the husband and the wife could have been adjudicated in the second divorce action, and if not there presented, the second divorce judgment was a bar to a subsequent reassertion of such rights between the husband and the wife. Because the issues of property settlement could have been adjudicated in the second divorce action and were not, they cannot be the subject of subsequent litigation.

As in *Leon*, the *Mitchell* decision states nothing about the first divorce decree being rendered null and void by the parties' subsequent remarriage. *Mitchell* merely holds that a second divorce bars any action to enforce the first divorce decree, any such issues being properly litigated in the second divorce action.

The next Illinois case to address this issue is *Ringstrom v. Ringstrom* (1981), 101 Ill. App. 3d 677, 428 N.E.2d 743. The *Ringstrom* court relied on *Leon*, which it found to be in accord with the vast weight of authority from other jurisdictions. In *Ringstrom*, the parties were married and divorced, and the husband was ordered to pay child support to the wife. The parties remarried and were again divorced. Subsequent to the second divorce, the wife filed a petition for rule to show cause alleging the husband's failure to pay the child support ordered under the first divorce decree for the period from entry of that decree to the parties' remarriage. The wife asked the court to enforce the first divorce decree. The trial court refused, finding that there could not be a claim for arrearage in child support under the first decree and that any such claim for arrearage should have been presented in the second divorce action. The appellate court affirmed, concluding that once parties remarry each other they are restored to their respective rights as husband and wife and parents as if they had never been divorced. The remarriage leaves nothing to be enforced by the court and renders the prior divorce decree unenforceable.

Although *Ringstrom* states that the remarriage of the parties "annuls" the prior order and also refers to cases from other jurisdictions which it posits hold that remarriage renders the prior decree void, the *Ringstrom* decision itself does not hold that remarriage renders the prior divorce decree void. *Ringstrom* merely holds that, upon remarriage of the parties, the prior divorce decree is rendered unenforceable.

We acknowledge that some of the language in the cases,

particularly those cases from other jurisdictions which the *Ringstrom* opinion mentions as persuasive, speaks in terms which could be construed as meaning that the entire prior divorce decree is rendered null and void upon the remarriage of the parties. After carefully reviewing those cases, we conclude that they should not be so construed.

All of those cases involved the issues of child custody or child support and the effect of the remarriage of the parties on a prior divorce decree establishing child custody and child support obligations and rights. Issues of child custody and support are in some respects unique. It is sensible that the remarriage of parties to a divorce nullify the prior divorce decree with respect to child custody and child support. As explained in *Ex Parte Phillips* (1957), 266 Ala. 198, 95 So. 2d 77, when parties divorce, they acquire separate rights of child custody. If the parties remarry, they no longer have such separate rights, but there is a resumption of the same joint custody which antedated the divorce. With the parties reunited in marriage and with their several rights of custody remerged into one common right of custody, the basis for the court's further jurisdiction over the issue of child custody ceases. Similarly, with respect to child support, upon the remarriage of the parties, they are restored to their rights and obligations as if never divorced, and there is no further obligation to pay child support under the divorce decree. Thus arises the language of the cases that upon remarriage the parties are restored to their rights as if they had never been divorced. However, we find that this language must be limited to issues of child support and child custody. Thus, despite the language in the cases dealing with child custody and support to the effect that the prior decree is "nullified" or that the parties are restored to their original rights and obligations, we cannot conclude that this means that the remarriage of the parties renders the prior divorce decree *void*.

A judgment or order is void where it is entered by a court which lacks jurisdiction over the parties or the subject matter or which lacks inherent power to enter the particular order or judgment, or where the order is procured by fraud. (*Evans v. Corporate Services* (1990), 207 Ill. App. 3d 297, 302, 565 N.E.2d 724, 727.) There is no question in the instant case that the court which entered the original divorce decree had jurisdiction over the parties and the subject matter, that the court had inherent power to enter the divorce judgment, and that the decree was not procured by fraud. It does not, therefore, constitute a void judgment.

Furthermore, a void judgment is one which, from its inception, is a complete nullity and without legal effect. (*In re Marriage of Allcock*

(1982), 107 Ill. App. 3d 150, 153, 437 N.E.2d 392, 394.) To hold that remarriage of the parties to a divorce action renders the divorce decree void, that is, a nullity from its inception and without legal effect, could result in undesirable consequences, for example, where there is an intervening marriage of one of the parties. Thus, we cannot conclude from the language used in the cases which address this issue that the remarriage of the parties renders the prior divorce decree void.

We do conclude, however, that the remarriage of the parties does render the prior divorce decree unenforceable. Thus, to the extent the prior divorce decree has been fully complied with, it has the full force and effect of any other judgment rendered by a court of competent jurisdiction. For example, a division of marital property which has been effected, executed, and completed is not nullified by the remarriage of the parties. Should the parties remarry, they come into the marriage with respect to this property as if they had never been married. However, with respect to provisions of the divorce decree which have not been fully executed, upon remarriage of the parties, no action may be brought to enforce those provisions. For example, in the instant case where Larry failed to fully comply with the order that he pay alimony in gross, the remarriage of the parties bars Shirley from bringing an action to enforce this provision of the prior divorce decree.

We think such a holding is consistent with the reasoning and language of the cases from this jurisdiction and others which have addressed this issue. It is also, we think, consistent with the sound public policy, as expressed in the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 102), to strengthen and preserve the integrity of marriage and safeguard family relationships by preventing parties who have chosen to begin marriage anew from squabbling in court about their respective failings under the prior divorce decree. Finally, we think our decision will foster the orderly administration of justice.

We acknowledge our language in *In re Marriage of Conway* (1986), 139 Ill. App. 3d 1062, 1065, 487 N.E.2d 1240, 1242, that "Illinois courts have held that the remarriage of the parties to a divorce proceeding renders the divorce decree and all proceedings thereunder void," citing *Ringstrom* and *Leon*. Whether we misconstrued *Ringstrom* and *Leon* or merely misstated their holdings, our statement in *Conway* was incorrect. As we have said, a remarriage of the parties to a divorce action does not render the divorce decree and all proceedings thereunder void. The remarriage merely renders the prior divorce decree unenforceable. Because the particular point we

were making in *Conway* by this statement was not dispositive of the issue before us there, the error in this statement does not change our holding in that case in any respect.

Finally, we must point out that Shirley's argument that a property settlement, unlike other issues such as maintenance, custody, and support, is nonmodifiable even upon the remarriage of a party to the divorce is irrelevant to our decision here. Shirley is correct, and to the extent the property settlement has been executed and completed, the remarriage of the parties to each other has no effect thereon. However, an unexecuted or incomplete property settlement, as here, simply cannot be enforced once the parties remarry each other.

Finally, we wish to make clear that we do not hereby hold that the issue of Larry's failure to pay Shirley the full $5,000 ordered in the first divorce decree may not be raised as an issue in any pending divorce proceedings. Indeed, *Leon, Mitchell*, and *Ringstrom* seem to indicate that the second divorce action is the only context in which the issue can be raised. However, this issue was not presented to us, and we make no determination thereon.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

GOLDENHERSH and RARICK, JJ., concur.