No. 2--95--1519

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

In re MARRIAGE OF BONNIE M.          )  Appeal from the Circuit Court

HIMMEL,                              )  of Du Page County.

                                     )

     Petitioner-Appellee,            )

                                     )  Nos. 80--D--2269, 

and                                  )       94--D--2447

                                     )

PAUL R. HIMMEL,                      )  Honorable

                                     )  Kenneth W. Torluemke,

     Respondent-Appellant.           )  Judge, Presiding.

________________________________________________________________

     JUSTICE DOYLE delivered the opinion of the court:

                                     

     Respondent, Paul R. Himmel (Paul), appeals from the circuit

court's order of October 31, 1995, granting the petition of

petitioner, Bonnie M. Himmel (Bonnie), to vacate a judgment of

dissolution of marriage incorporating the terms of a marital

settlement agreement which the court entered on June 1, 1981, in

case No. 80--D--2269.  See 735 ILCS 5/2--1401 (West 1994).  We

vacate the circuit court's order and remand. 

     In support of her amended petition to vacate, Bonnie alleged

that respondent had fraudulently concealed his pension benefit;

alternatively, petitioner alleged that the settlement was

unconscionable.  The court found that there was no fraudulent

concealment by Paul and that the provisions for relief from final

judgments found in section 2--1401 of the Code of Civil Procedure

(Code) (735 ILCS 5/2--1401 (West 1994)) did not apply. Citing

section 502 of the Illinois Marriage and Dissolution of Marriage

Act (Marriage Act) (750 ILCS 5/502 (West 1994)), the court

nevertheless vacated the June 1981 judgment, finding the settlement

agreement unconscionable.  The court also found there was no just

reason to delay enforcement or appeal of its order.  See 155 Ill.

2d R. 304(a).  A timely appeal ensued.  This court has appellate

jurisdiction.  See In re Marriage of Tzoumas, 187 Ill. App. 3d 723,

728 (1989); In re Marriage of Carlson, 101 Ill. App. 3d 924 (1981);

155 Ill. 2d R. 304(b)(3).  

     The parties were married to each other twice.  The first

marriage, which occurred in 1957, was terminated by a judgment of

dissolution on June 1, 1981.  The marital settlement agreement

which was incorporated into that judgment divided the parties'

marital and nonmarital assets but did not list Paul's pension.  The

transcript of that proceeding shows that Bonnie voluntarily chose

not to be represented by counsel at the hearing.  She stated that

she reviewed the agreement, that she had employed counsel to review

it, that she understood all the terms of the agreement, that it was

fair and equitable, that she was not coerced to sign the agreement,

and that she intended to be bound by it.  Evidence concerning the

parties' assets was presented, but the pension was not mentioned. 

The court found that the agreement was entered into voluntarily by

the parties and that it was not unconscionable, and it entered the

final judgment of dissolution. 

     The parties were remarried to each other on December 10, 1982. 

On September 20, 1994, Bonnie filed a petition for dissolution of

the second marriage in case No. 94--D--2447.  Paul, who was now

retired, had been continually employed by People's Gas from 1959 to

October 1993.  The record indicates that he received a lump sum

retirement benefit, the estimated value of which in December 1993

was $352,000.  The sum was transferred into an investment fund.  

     On March 21, 1995, Bonnie filed a petition to vacate

(petition) the 1981 judgment, alleging that this pension had been

fraudulently concealed from her and this fraud tolled the two-year

limitations period for vacatur of the judgment.  See 735 ILCS 5/2--

1401(c) (West 1994)).  She also requested that the two cases be

consolidated.  Paul moved to dismiss the petition, arguing there

was no showing of misrepresentation or that the asset was 

intentionally concealed; that the petition failed to comply with

section 2--1401; and that Bonnie failed to challenge or attempt to

modify the agreement in a timely manner and was now estopped from

raising the claim.  Bonnie filed an amended petition to vacate,

arguing that, under section 502 of the Marriage Act, the court

could find the settlement agreement unconscionable, vacate the

judgment, and distribute the assets equitably.  Paul argued that

section 2--1401 of the Code was controlling, not section 502 of the

Marriage Act which permits a court to reject as unconscionable a

property settlement agreement made in connection with the

dissolution of a marriage; if not found unconscionable, such an

agreement would be binding upon the court.   750 ILCS 5/502(b), (c)

(West 1994). 

     At the evidentiary hearing on August 29, 1995, the court

consolidated the cases for the purpose of hearing the petition and

respondent's motion to strike and dismiss.  Bonnie testified she

was not represented by counsel at the 1980 dissolution proceeding. 

She spoke to Paul's attorney, Bruce David, prior to the entry of

the judgment.  He informed her that he could not represent her.

Prior to the hearing in that case, Paul had mentioned that he would

eventually be entitled to retirement benefits from People's Gas. 

Paul had previously told her that, when he retired, if she were

married to him, they would receive the retirement benefits.  David

did not mention that she would receive retirement benefits as a

result of the settlement agreement.  She did not recall that Paul

ever mentioned the monetary value of his pension.  She did not know

at the time of the settlement whether she was entitled to any funds

from his pension and did not question that it was not listed in the

settlement agreement.  She conceded that she knew of the pension

from her conversations with Paul over the years.  She remarried

Paul in December 1982. 

     Paul testified that he retired in October 1993 after a heart

operation, having worked for People's Gas continuously for 34

years.  The lump sum pension distribution took place in December

1993 and was deposited into an investment account the value of

which fluctuated with the market.  In 1981, he did not believe the

pension had a value because it was a "free" pension.  He made no

contributions to it.  In order to collect the pension, he had to

qualify by having accumulated 85 points.  The points included the

age of retirement (age 55) added to the years of service (30

years).  He believed he was vested after 10 years, but he would

have received nothing in 1982 if he had left the company.  He could

only receive the pension after reaching age 55 and thought it had

no value at the time of the dissolution.  He discussed the pension

with his attorney and Bonnie at the time of the first dissolution

proceeding.  He believed the property distribution had been equally

divided.  

     Paul contends that a section 2--1401 petition is the proper

vehicle by which to vacate a judgment after 30 days have elapsed

from its entry.  Subsection 2--1401(c) of the Code states:

          "[T]he petition must be filed not later than 2 years

     after the entry of the order or judgment.  Time during which

     the person seeking relief is under legal disability or duress

     or the ground for relief is fraudulently concealed shall be

     excluded in computing the period of 2 years."  735 ILCS 5/2--

     1401(c) (West 1994).  

          A section 2--1401 petition serves to bring to the court that

rendered judgment facts not appearing of record which, if known,

would have prevented its rendition.  In re Marriage of Broday, 256

Ill. App. 3d 699, 705 (1993).  However, the proceeding is not

intended to give the litigant a new opportunity to do that which

should have been done in an earlier proceeding or to relieve the

litigant of the consequences of her mistake or negligence.  Broday,

256 Ill. App. 3d at 705.  To prove fraudulent concealment, the

petitioner must show by clear and convincing evidence that the

respondent intentionally misstated or concealed a material fact

which he had a duty to disclose and that she detrimentally relied

upon his statement or conduct; for the concealment to be

actionable, it must be such that the silent party intended to

deceive the other.  Broday, 256 Ill. App. 3d at 703.  Furthermore,

a settlement agreement will be set aside only if the

misrepresentation of the assets could not reasonably have been

discovered at the time of, or prior to, the entry of the judgment,

and a litigant will not be relieved of the consequences of her lack

of diligence in failing to discover such information relevant to

the dissolution proceeding.  256 Ill. App. 3d at 703.  

     Here, Bonnie clearly knew of the pension, but took no timely

affirmative action to discover its value or to assert her claim to

it.  There is no evidence that Paul intentionally misrepresented or

concealed this asset.  We agree with the trial's conclusion that

there was no fraudulent concealment which would toll the two-year

limitations period prescribed by section 2--1401. 

     We next consider whether the court could otherwise properly

vacate a 14-year-old judgment under the circumstances presented. 

The court appears to have relied on section 502 of the Marriage Act

pertaining to the presentation of property settlements to the court

in connection with the entry of a judgment of dissolution.  The

court is bound by the agreement in rendering its judgment of

dissolution unless it finds that the agreement is unconscionable. 

However, we are unaware of any authority of a trial court to vacate

a final judgment of this vintage based on that provision.  The

cases cited by the court in its order include In re Marriage of

Reines, 184 Ill. App. 3d 392 (1989), and In re Marriage of Carlson,

101 Ill. App. 3d 924 (1981).  We do not find those cases

dispositive. 

     In Reines, the reviewing court concluded that the petitioner

was entitled to a hearing on her section 2--1401 petition when she

alleged (presumably fraudulent) concealment of assets and contended

on appeal that the settlement agreement was unconscionable.  The

relief was requested pursuant to section 2--1401 of the Code, and

no question regarding the limitations period was raised.  Thus, the

question was not presented whether the court could vacate the

judgment beyond the two-year limitations period pursuant to section

502 of the Marriage Act. 

     Similarly, in the Carlson case, the reviewing court concluded

that the trial court's partial vacatur of a judgment incorporating

a settlement agreement for unconscionability was proper where the

petitioner brought the petition pursuant to section 2--1401 of the

Code.  It appears from the limited recitation of the facts in that

case that the petition was timely and no limitations problem was

considered.  In both cases, the decisions rested on the court's 

authority to grant or deny a section 2--1401 petition rather than

on any authority purportedly conferred by section 502 of the

Marriage Act which permits a court to reject the parties'

settlement agreement for unconscionability when it enters a

judgment of dissolution.  A court's authority to vacate a judgment

that has become final is narrowly circumscribed by the limited

methods available under Illinois law to vacate or set aside final

judgments.  

     The case of King v. King, 130 Ill. App. 3d 642 (1985), is

highly instructive.  In that case, the reviewing court found that

the trial court had no jurisdiction to consider a post-judgment

"motion" brought more than two years after the entry of a final

judgment of dissolution where the respondent wife alleged that a

significant marital asset was not included in the marital

settlement agreement (a large personal injury settlement received

by the husband after the judgment was entered).  The trial court

rejected section 2--1401 as the basis for modifying the judgment as

there was no evidence of fraudulent concealment.  However, relying

on section 503 of the Marriage Act, which confers a court's

authority to divide marital assets (750 ILCS 5/503 (West 1994)),

the trial court determined that the original judgment was not final

as it failed to include the asset; the court then awarded

respondent a share of the funds.  On appeal, respondent again

maintained that since the trial court had not disposed of all the

marital property in its original order, the disposition was not

final and the court retained jurisdiction to modify the judgment

despite a lapse of more than two years.  The reviewing court

disagreed.  

     The reviewing court in King found that the original judgment

was final.  The court noted that the existing section 510(a) of the

Marriage Act provided that " '[t]he provisions as to property

disposition  may not be revoked or modified, unless the court finds

the existence of conditions that justify the re-opening of a

judgment under the laws of this State.' "  (Emphasis in original.)

King, 130 Ill. App. 3d at 654, quoting Ill. Rev. Stat. 1983, ch.

40, par. 510(a) (now 750 ILCS 5/510(b) (West 1994)).  The court

explained that a judgment of dissolution must be accorded the same

degree of finality as judgments in other proceedings.  Since there

was no basis to toll the two-year limitations period under section

2--1401 of the Code, the reviewing court concluded that the trial

court did not have jurisdiction to consider the respondent's

belated "motion" for post-judgment relief and vacated the trial

court's order for lack of jurisdiction.  

     The court observed that, though not invoked  by the respondent

in the case before it, there were other methods under the laws of

Illinois to seek relief from a final judgment after 30 days from

its entry other than by means of a section 2--1401 petition

(including legal disability, duress, and fraudulent concealment). 

In appropriate circumstances, relief from a final judgment sought

more than 30 days after its rendition may be granted by application

of the revestment doctrine; by a finding that the judgment is void;

by agreement of the parties; and by entering an order nunc pro

tunc.  King, 130 Ill. App. 3d at 655.  None of these additional

methods is applicable here.  The court in the original proceeding

had jurisdiction to enter its order; the order was final and was

not subject to vacatur or modification. 

     We agree with the rationale of King.  The policy respecting

the finality of judgments must be followed here.  We have been

provided no authority which would persuade us to engraft

unconscionability onto section 2--1401 as an additional basis on

which to toll the two-year limitations period and thus permit the

court to vacate the judgment.  We fail to see how section 502 of

the Marriage Act supersedes the usual two-year limitations period

of section 2--1401.   This limitation  has been strictly construed

by the courts, and, even if the circumstances were believed to

warrant it, we cannot extend the limitation by judicial fiat. 

Sidwell v. Sidwell, 127 Ill. App. 3d 169, 173 (1984).  The

limitations period "mandated by this section must be adhered to in

the absence of a clear showing that the person seeking relief is

under legal disability or duress or the grounds for relief are

fraudulently concealed."  Sidwell, 127 Ill. App. 3d at 174.  

      Because the parties remarried after the entry of the 1981

judgment, Bonnie also urges this court to affirm the trial court's

decision on any basis supported by the record.  Citing Ringstrom v.

Ringstrom, 101 Ill. App. 3d 677, 680-81 (1981), Bonnie asserts

that, once the parties remarried each other, they were restored to

their respective rights as husband and wife as if they had never

been divorced.  She maintains, apparently for the first time on

appeal, that the original settlement agreement is unenforceable. 

Since this issue appears to have been raised here for the first

time in a rather cursory manner and was not presented to the trial

court for consideration, we decline to consider it on the state of

this record.  

     Paul appears to state the more current view of the rule that

the remarriage of the parties to each other does not render the

original dissolution judgment or the proceedings void, but the

remarriage merely renders the prior judgment unenforceable at least

to the extent that it is unexecuted or incomplete.  In re Marriage

of Parks, 258 Ill. App. 3d 479, 484-85 (1994).  We make no ruling

on the merits of the parties' respective positions.  We believe

that any new theory regarding whether Paul's retirement benefits

are reachable, other than by vacatur of the 1981 judgment, should

be fully articulated and presented to the trial court in the first

instance.  The issue presented to this court for review is whether

the trial court erred in vacating the judgment of dissolution. 

Whether a prior judgment may be vacated is a different question

than whether and to what extent that judgment may be unenforceable

by reason of subsequent events.  

     Because the cause is being remanded, we leave it to the trial

court to consider any additional legal theories raised by the

parties in fashioning an equitable distribution of their assets. 

The trial court begins with a clean slate except that any relief

granted must be consistent with the views expressed herein.  

     Since the circuit court had no authority to vacate the 1981

judgment, we vacate its order of vacatur and remand the cause for

further proceedings. 

     Vacated and remanded. 

     BOWMAN and RATHJE, JJ., concur.