**IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE**

———————————————————

FILED

**February 24, 1999**

**Cecil Crowson, Jr.
Appellate Court
Clerk**

| | | |
|---|---|---|
| **KATHIE LYNN PASS,** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Blount Circuit No. 7845 |
| | ) | |
| **v.** | ) | |
| | ) | Appeal No. 03A01-9710-CV-00493 |
| **LEE ROY PASS,** | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

APPEAL FROM THE CIRCUIT COURT OF BLOUNT COUNTY
AT MARYVILLE, TENNESSEE

THE HONORABLE W. DALE YOUNG, JUDGE

<u>For the Plaintiff/Appellant</u>:          <u>For the Defendant/Appellee</u>:

Lance A. Evans                    Charles Dungan
Maryville, Tennessee              Maryville, Tennessee

**REVERSED AND REMANDED**

HOLLY KIRBY LILLARD, J.

CONCURS:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

**OPINION**

This is an action to collect child support arrearages involving an issue of first impression in Tennessee. The parties divorced, remarried, and divorced a second time. The wife seeks to collect child support which accrued after the first divorce and prior to the parties' remarriage. The trial court found that the remarriage of the parties rendered the prior divorce decree void with regard to child support and dismissed the wife's motion to collect the arrearage. We reverse, holding that claims for arrearages which accrued after the first divorce and prior to the remarriage are not barred as a matter of law.

Kathie Lynn Pass ("Wife") and Lee Roy Pass ("Husband") were married on March 2, 1979. The parties divorced for the first time on August 31, 1984. The final decree of divorce granted custody of the couple's child to Wife and required Husband to pay child support of $40 per week until August 1, 1985, when the weekly amount increased to $50. Husband failed to pay the required child support. On April 20, 1993, Wife received a default judgment against Husband in the amount of $21,000 for unpaid child support. By agreement of the parties, this judgment was vacated on June 14, 1993. The parties remarried on November 4, 1994. They divorced for the second time on September 20, 1996.

In a motion filed after the second divorce, Wife sought to collect arrearages in child support which accrued after the first divorce and prior to the remarriage, and excluding the period of time in which the parties cohabitated prior to the remarriage. The trial court dismissed the motion, holding "that the remarriage of the parties annulled and rendered void the prior judgment of divorce insofar as the custody and support of the minor child is concerned." From this decision, Wife now appeals.

On appeal, both parties assert that there are no controlling Tennessee decisions on this issue. Both cite caselaw from other states in support of their positions.

This appeal involves only a question of law; there are no disputed facts pertinent to the issue brought before this Court. Consequently, we review the trial court's conclusions of law *de novo*, with no presumption of correctness. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

In *Watkins v. Watkins*, 1998 WL 704516 (Tenn. App. 1998), this Court addressed the effect of remarriage on a custody provision in a prior divorce decree. The facts in *Watkins* are quite complicated and involved several states; however, the facts pertinent to this case will be briefly outlined. The parties in *Watkins* married in December 1984, and in January 1990, the husband

obtained an *ex parte* divorce decree and was awarded custody of the parties' two children. *Watkins*, 1998 WL 704516, at *1. Later that same year, the parties remarried. *Id.* However, in February 1991, the wife filed for a second divorce, and the court entered a divorce decree granting her custody of the children. *Id.* at *1-*2. Subsequently, the husband attempted to enforce the first divorce decree which granted him custody of the children. *Id.* at *3. This Court held that the remarriage of the parties rendered the prior custody decree void and unenforceable, in line with the majority of jurisdictions that had considered the issue. *Id.* at *5 (citing *Ex parte Phillips*, 95 So. 2d 77 (Ala. 1957); *Oliphant v. Oliphant*, 7 S.W.2d 783 (Ark. 1928); *Warren v. Warren*, 97 S.E.2d 349 (Ga. 1957); *In re Parks*, 630 N.E.2d 509 (Ill. App. 1994); *Rasch v. Rasch*, 168 So. 2d 738 (Miss. 1964).

Likewise, most courts that have considered the issue hold that the remarriage of the parties renders the child support provisions of the initial divorce decree void and unenforceable, at least prospectively from the date of the remarriage. *See Davis v. Davis*, 437 P.2d 502, 503 (Cal. 1968) ("[T]he rule as developed in other jurisdictions is that if the parties again intermarry child custody and support orders as between themselves are thereupon terminated, as well as the jurisdiction of the court to enforce such orders, and that this is true whether or not the parents subsequently divorce again."); *In re Doria*, 855 P.2d 28, 29-30 (Colo. Ct. App. 1993) ("As a general rule, when the parties to a divorce remarry each other, the court's jurisdiction over the parties is terminated and the provisions of the prior decree for matters of child support, custody, and maintenance are nullified."); *Warren v. Warren*, 97 S.E.2d 349, 350 (Ga. 1957) ("The remarriage of the parties nullified the [divorce] decree . . . and restored the parental rights of the parties to the same extent as if no divorce had ever been granted."); *In re Root*, 774 S.W.2d 521, 523 (Mo. App. 1989) ("It would be absurd to hold that once parents remarry each other and the family is again intact and residing in the same household, the former noncustodial parent must pay future installments of child support to the other parent per the past divorce decree."); *Schaff v. Schaff*, 446 N.W.2d 28, 31 (N.D. 1989) ("Accordingly, we hold that when parents of a child born out-of-wedlock marry each other, the child custody and future support provisions of the paternity judgment are nullified and replaced by the law governing the rights and obligations of married parents to their children."); *Thomas v. Thomas*, 565 P.2d 722, 724 (Okla. App. 1976) ("Once the parties remarry the jurisdiction of the court with respect to maintenance of their children terminates because the divorce is annulled and the rights and duties of the parties with regard to their children are as if they had never been divorced.").

2

However, in this case, Wife seeks child support payments which accrued <u>prior</u> to the parties' remarriage, and excluding the period of cohabitation. This is an issue of first impression in Tennessee. However, the issue has been addressed in a number of other jurisdictions.

A minority of courts have held that child support arrearages which accrued after the first divorce and prior to remarriage may not be collected. In *Ringstrom v. Ringstrom*, 428 N.E.2d 743, 744 (Ill. App. Ct. 1981), the court held that a remarriage voids the prior divorce decree. *Ringstrom* reasoned that the court lacked jurisdiction to reexamine the prior divorce decree after the parties' remarriage; therefore any claim based on a prior divorce decree became barred once the parties remarried. *Ringstrom*, 428 N.E.2d at 746. Likewise, in *Palacci v. Palacci*, 613 A.2d 951, 953 (Ill. App. 1981), the court held that arrearages which accrued after the first divorce and prior to remarriage may not be collected, reasoning that "on remarriage, a prior order of child support becomes unenforceable."

However, a majority of courts considering the issue have reached a contrary result. The Supreme Court of Nebraska in *Scheibel v. Scheibel*, 284 N.W.2d 572, 573 (Neb. 1979), addressed the issue of whether the remarriage of the parties barred an action to collect child support which accrued during the period of time between the first divorce decree and the remarriage. The *Scheibel* court held that remarriage did not bar a claim to collect child support arrearages which accrued before the remarriage. *Scheibel*, 284 N.W.2d at 573. In addition, the husband asserted the equitable defense of laches in an attempt to bar the wife's claim. *Id.* at 573. In response, the court held, in part:

> In the absence of any evidence whatever that the appellant was materially prejudiced by the delay in the assertion of the claim for support, we decline to hold that the remarriage of the parties will operate as a matter of law to prohibit the party for whose benefit the support was ordered from instituting [an] action to collect the arrearages.

*Id.*

The Supreme Court of Appeals of West Virginia in *Griffis v. Griffis*, 503 S.E.2d 516, 528 (W. Va. 1998), reviewed in detail decisions from other states addressing the issue and noted that the majority held that the remarriage of the parties does not as a matter of law bar a claim for child support arrearages which accrued prior to remarriage. Relying on these authorities, the *Griffis* court held that when a divorce decree orders one parent to pay child support to the other, and the obligor parent fails to make payments, then a remarriage of the parties does not nullify the arrearages which

3

accumulated prior to the remarriage. *Griffis*, 503 S.E. at 528. The *Griffis* court relied in part on West Virginia case law which prohibited courts in West Virginia from modifying and canceling accrued child support, on the basis that such payments vest as they accrue. *Id. see also Vail v. Vail*, 240 N.E.2d 519, 520 (Ill. App. Ct. 1968); *Wren v. Wren*, 127 N.W.2d 643, 646 (Iowa 1964).

The Iowa Supreme Court in *Greene v. Iowa Dist. Court*, 312 N.W.2d 915, 917 (Iowa 1981), addressed the issue of a mother seeking to recover child support which accrued between the divorce and remarriage. The court concluded that each installment of child support becomes a money judgment when due. *Greene*, 312 N.W.2d at 918. Thus, accrued installments become the vested right of the spouse entitled to the child support payments. *Id.*

*Greene* involved an additional element. The mother in *Greene* had assigned her right to the support payments to the Iowa Department of Social Services, in exchange for welfare benefits. *Id.* at 916. *Greene* held that "[a]ccrued installments thus become the vested right of the spouse entitled to the support and may not be taken away." *Id.* at 918 (citing *In re Evans*, 267 N.W.2d 48, 52 (1978)). *Greene* recognized the general principle that accrued child support payments are enforceable judgments and cannot be extinguished by a subsequent remarriage. *Id.* Its holding was not limited to the particular facts in that case, in which an assignment of child support payments was made to a state agency.[1]

Likewise, the Missouri Court of Appeals in the case of *In re Root*, 774 S.W.2d 521 (Mo. Ct. App. 1989), held that the mother was not barred from collecting child support which accrued prior to the remarriage of the parties. The court thoroughly analyzed the issue and reviewed cases espousing both the majority and minority view. *In re Root*, 774 S.W.2d at 524-527. The *Root* court did not follow *Ringstrom* and held that the remarriage of the parties failed to discharge husband for child support arrearages which accrued between the divorce and subsequent remarriage. *Id.* at 526. In so finding, the court found that the cases of *Scheibel* and *Greene* to be "better reasoned than *Ringstrom*." *Id.* at 527.

The Court of Civil Appeals of Alabama addressed this issue in *Hardy v. Hardy*, 600 So. 2d

---

[1]Accord *In re Root*, 774 S.W.2d 521, 525-26 (Mo. Ct. App. 1989) (determining that "[t]he holding in *Greene* . . . did not rest on the narrow ground that the agency's rights under the mother's assignment could not be impaired by her subsequent remarriage to the father . . . *Greene* squarely held that the parties' remarriage did not nullify the claim for accrued installments of child support."); *see also Griffis v. Griffis*, 503 S.E.2d 516, 526 (1988).

1013 (Ala. Civ. App. 1992). The Alabama court held that claims for child support payments become final judgments when due and "[a] trial court may not modify, release, or discharge the obligor of past-due child support once the obligation matures and becomes final . . . under the original divorce decree." *Hardy v. Hardy*, 600 So. 2d at 1015.

Thus, the majority of courts from other jurisdictions that have considered the issue in this case hold that child support arrearages which accrue after the first divorce and prior to remarriage are not, as a matter of law, barred by the parties' remarriage. Support for this view is found in Tennessee law regarding child support arrearages. Tennessee Code Annotated § 36-5-101(a)(5) provides in pertinent part:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed . . . .

Tenn. Code Ann. § 36-5-101(a)(5) (Supp. 1998).

The Tennessee Supreme Court in *Rutledge v. Barrett*, 802 S.W.2d 604 (Tenn. 1991), addressed the issue of retroactive modification of a child support order. In this case, the mother, in 1975, secured a child support order which required the father to pay one-half of his income to the court clerk for the support of his minor children. *Rutledge*, 802 S.W.2d at 605. In March 1988, the mother sought a contempt order against the father and a judgment for $33,555 in child support arrearages. *Id.* The trial court held the father in contempt of court and ordered him to pay $27,100 in arrearages. *Id.* The trial court reduced the amount of arrearage because the father was unemployed for a period of time and the decree required the father to pay a percentage of his income. *Id.* On appeal, the father sought additional modification of the trial court's order and raised various equitable defenses. *Id.* Citing Tennessee Code Annotated § 36-5-101, the Court held that the order of child support was not subject to retroactive modification and that traditional equitable defenses could not be raised against the 1988 judgment. *Id.* at 607. The Court noted that "[t]he legislative history of this amendment reflects the General Assembly's clear understanding that as a result of the legislative action to bring Tennessee law in line with the federal requirement, the courts of this state would lose their ability to forgive past arrearages in child support cases . . . ." *Id.* at 606. The Court

5

indicated that the statute prohibited retroactive modification of child support orders. ***Id. see also Ex rel. McAllister v. Goode***, 968 S.W.2d 834 (Tenn. App. 1997); ***Brown v. Heggie***, 876 S.W.2d 98 (Tenn. App. 1993).

As noted above, other courts holding that claims for child support arrearages which accrued after the first divorce and prior to remarriage are not automatically barred by the parties' remarriage have relied in part on prior caselaw holding that accrued child support arrearages may not be retroactively modified or canceled. ***See Vail***, 240 N.E.2d at 520; ***Wren***, 127 N.W.2 at 646; ***Griffis***, 503 S.E.2d at 528.

Based on the reasoning in the cases espousing the majority view, as well as Tennessee law proscribing the retroactive modification or forgiveness of accrued child support arrearages, we hold that claims for child support arrearages based on the parties' first divorce decree, which accrue prior to the parties' remarriage, are not as a matter of law barred by their remarriage. Since Wife in this case did not seek arrearages for the period in which the parties cohabitated prior to remarriage, we do not address whether arrearages for that time period are barred as a matter of law.[2] The trial court in this case ruled that Wife's claims were barred as a matter of law and, consequently did not address possible defenses such as laches which could be raised by Husband. Therefore, in this case, we do not address such possible defenses.[3] Moreover, the trial court did not address the effect of the judgment for child support arrearages being vacated prior to the parties' remarriage, and consequently we do not address that issue. Therefore, the decision of the trial court is reversed and the cause remanded for further proceedings consistent with this Opinion.

---

[2] ***See Griffis v. Griffis***, 503 S.E.2d 516, 524 (W.Va. 1998) (holding that cohabitation without remarriage does not automatically nullify an existing court order on child support).

[3] ***See Scheibel v. Scheibel***, 284 N.W.2d 572, 573 (Neb. 1979).

The decision of the trial court is reversed, and the cause is remanded for further proceedings consistent with this Opinion. Costs are taxed to the Appellee, for which execution may issue, if necessary.

_____
**HOLLY KIRBY LILLARD, J.**

_____
**CONCUR:**

_____
**ALAN E. HIGHERS, J.**

_____
**DAVID R. FARMER, J.**